## Third Department, May, 1972

## (May 4, 1972)

■ The People of the State of New York, Respondent, v. Alfred Louis Fife, II, Appellant.— Appeal from a judgment of the County Court of Chemung County, rendered December 3, 1969, upon a verdict convicting defendant of the crimes of assault second degree (Penal Law, § 120.05), resisting arrest (Penal Law, § 205.30), escape third degree (Penal Law, § 205.05) and obstructing governmental administration (Penal Law, § 195.05). The defendant raises several issues on this appeal. There is no merit to his contention that there was a failure to prove physical injury upon a police officer, a material element of the assault second charge. Trooper Lowery testified that while he was assisting in the arrest of one Nichols, defendant struck him on the left side of his neck and he fell to the ground; that while attempting to subdue another subject he was attacked by Nichols on the right and by defendant on the left. As a result, this police officer testified that he experienced pain at such time and later received medical attention at a hospital for a bruise on the left side of his neck, his shoulder and back; that he was unable to work the next day and had limited use of his left arm and shoulder for a week thereafter. Defendant also contends that the original information placed before the Town Justice charged him with interference with the arrest by Trooper Lowery, whereas the resisting arrest charge contained in the indictment and the trial proof were based on defendant's interference with the arrest of Nichols by Sergeant Kelly, thus creating

a reasonable doubt as to his guilt thereof. We do not agree. Any proceeding conducted by the Town Magistrate was superseded by the subsequent indictment. (*People ex rel. Hirschberg* v. *Close*, 1 N Y 2d 258.) The record establishes beyond a reasonable doubt that defendant unlawfully resisted the arrest of Nichols by Sergeant Kelly. Nor is there any merit to defendant's contention that since he had committed no crime at the time of his alleged arrest, his arrest was unauthorized and he could not, therefore, be guilty of escape. He was resisting the arrest of another in the presence of a police officer when Sergeant Kelly arrested him. This was a lawful arrest. Finally, there was sufficient evidence for the jury to find that defendant by the use of physical force intentionally prevented a police officer from performing an official function in violation of section 195.05 of the Penal Law. The record contains ample evidence to support the verdict of the jury. Judgment affirmed. Greenblott, Cooke, Sweeney and Reynolds, JJ., concur; Herlihy, P. J., dissents in part in the following memorandum: With reference to the conviction of assault second degree, there was no showing of sufficient physical injury to justify a felony conviction.