THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES B. JOHNSON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a jury trial, of assault in the second degree (Penal Law § 120.05 [3]) for causing physical injury to a City of Watertown police officer who was injured in the course of performance of a lawful duty. The conviction arose out of an incident that occurred when another police officer, who was aware of outstanding warrants for defendant's arrest, advised defendant that the police had warrants for him and attempted to place him under arrest. When defendant attempted to flee, a melee broke out involving several of defendant's friends and other police officers who came to the assistance of their fellow officers. During the course of this struggle, Police Officer Weldon sustained injuries to her arm which caused her to seek medical treatment for pain and resulted in her missing two weeks of work.

On appeal, defendant contends that he cannot be convicted of assault in the second degree for causing physical injury to a police officer in the course of performance of a "lawful duty" (Penal Law § 120.05 [3]) where his arrest was unlawful because police had failed to comply with the requirements of CPL 120.80 in effecting his arrest. Although it is true that the police failed to inform the defendant as to the offenses designated in the arrest warrants *(see,* CPL 120.80 [2]), failure to comply strictly with CPL 120.80 (2) does not diminish the police officer's authority or render the act of arrest illegal *(see, Ford v State of New York,* 21 AD2d 437, 440). Since the officer was performing a lawful duty, there was a sufficient predicate to support his conviction under Penal Law § 120.05 (3).

We also find no merit to defendant's contention that the evidence is insufficient to support his conviction for assault, second degree, because it fails to establish that he caused physical injury to the officer, either as a principal or as an accomplice *(see,* Penal Law § 20.00). Under Penal Law § 120.05 (3), the only intent required to be proved is that the defendant acted with the intent to prevent a police officer from performing a lawful duty; proof of intent to cause physical injury is

not required *(People ex rel. Gray v Tekben,* 86 AD2d 176, 178, *affd* 57 NY2d 651). Here, the proof is clear that defendant acted with intent to prevent the police from effecting his arrest and that during the ensuing melee, a police officer sustained physical injury. Thus, the jury could properly determine that defendant's actions in resisting arrest directly caused the police officer's injuries.

Furthermore, we agree that on this record, the court properly declined to charge the defense of justification *(see, People v Stevenson,* 31 NY2d 108). We have examined defendant's other contentions and find them to be without merit. (Appeal from judgment of Jefferson County Court, Sullivan, J.—assault, second degree.) Present—Hancock, Jr., J. P., Callahan, Denman, Green and O'Donnell, JJ.