■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND L. CLARK, JR., Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of robbery in the second degree following a jury verdict. We conclude that the circumstantial evidence was legally sufficient to support the conviction.

We reject defendant's claim that the People failed to prove that the victim suffered a physical injury. The victim, an 83-year-old woman, was struck in the shoulder and propelled forward approximately six feet before falling face down. She injured her elbow, shoulder and leg. The day after the robbery she experienced pain and was taken to the hospital for examination. A day or so later, she could barely get out of bed. Her leg injury required the use of crutches for about five weeks. We conclude that the evidence demonstrates that the victim suffered a physical injury during the course of the robbery (Penal Law § 10.00 [9]; § 160.10; *see, People v Williams,* 127 AD2d 718, *lv denied* 69 NY2d 1011; *People v Goico,* 122 AD2d 576, *lv denied* 68 NY2d 812; *People v Fife,* 39 AD2d 780).

Although the court incorrectly recounted a portion of the testimony of certain witnesses, it thereafter provided a strong curative instruction. Considering the brief period of jury deliberations prior to the curative instruction and the lengthy period of deliberations thereafter, there is no basis for the claim that the court's error had become implanted in the jury's mind so as to deprive defendant of a fair trial. We further conclude that the prosecutor's single misstatement during summation was not egregious and does not warrant reversal.

Defendant's remaining claims of error were not preserved for our review and in any event, lack merit. (Appeal from judgment of Steuben County Court, Purple, J.—robbery, second degree.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.