■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD W. SARGENT, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Washington County (Leary, J.), rendered August 29, 1986, upon a verdict convicting defendant of, *inter alia,* the crimes of assault in the second degree (two counts) and operating a motor vehicle while under the influence of alcohol.

At about 2:30 A.M. on September 30, 1985, defendant, while in an intoxicated condition, was operating a car in the Town of Greenwich, Washington County, when a State Police vehicle approached from the opposite direction. Because defendant's car had its high-beam headlights on, the police car

flashed its lights. When defendant failed to lower his headlights, the police vehicle turned around and pursued defendant. Defendant noticed the police car in pursuit and pulled his car over to the side of the road and fled to a nearby farm. Two State Troopers exited their vehicle and pursued defendant into a barn and attempted to arrest him. An altercation ensued, during which defendant bit the thumbs of both Troopers, causing serious injury. One of the Troopers, in an effort to subdue defendant, struck him with a flashlight. Defendant maintained that the Troopers initiated the altercation by hitting him with their flashlights. He stated that he could not recall biting the Troopers.

Defendant was indicted and charged with two counts of assault in the second degree, operating a motor vehicle while under the influence of alcohol and failure to dim headlights. After a jury trial, defendant was found guilty as charged and was sentenced as a second felony offender to indeterminate terms of imprisonment of 3½ to 7 years on the assault charges and a definite term of one year on the driving while intoxicated charge, all sentences to run concurrently. Defendant also received a $10 fine for failure to dim headlights. Defendant appeals.

Initially, defendant contends that County Court erred in not charging resisting arrest as a lesser included offense of assault in the second degree. Since no objection or request to charge was made at the trial, this issue has not been preserved for appellate review. In any event, resisting arrest is not a lesser included offense of second degree assault as defined by Penal Law § 120.05 (3) since it is theoretically possible to commit such assault without at the same time committing resisting arrest (*People v Chesebro*, 94 AD2d 897, 898).

Next, defendant contends that, because of his intoxication, he could not have formed the specific intent necessary for a conviction of second degree assault as defined by Penal Law § 120.05 (3). That statute requires as an element of the crime "intent to prevent a * * * police officer * * * from performing a lawful duty". Intoxication does not automatically negate specific intent, but is a factor to be considered by the jury (*People v Leary*, 64 AD2d 825, 826). The evidence at trial demonstrated that defendant was intoxicated. However, the People's witnesses testified that he was rational and his actions were deliberate. County Court properly charged the jury regarding the effect of defendant's intoxication and the jury chose to credit the prosecution witnesses.

Finally, defendant contends that he was denied the effective

assistance of counsel because his trial counsel failed to request a charge of resisting arrest as a lesser included offense of second degree assault and to adequately cross-examine witnesses regarding defendant's intoxication. Since, as discussed earlier, resisting arrest is not a lesser included offense of second degree assault, it obviously was not improper for defense counsel to fail to request such a charge. Further, defense counsel fully cross-examined the witnesses to elicit facts demonstrating defendant's intoxication. Defendant was not denied meaningful representation.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.