■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY D. WINSLOW, Appellant.—Harvey, J. Appeal from a

judgment of the County Court of Saratoga County (Williams, J.), rendered October 20, 1987, upon a verdict convicting defendant of the crimes of assault in the second degree and resisting arrest.

On July 10, 1986, Richard Crannell, Police Chief of the Village of Corinth, Saratoga County, was punched, kicked and allegedly threatened by defendant as Crannell attempted to execute a warrant for defendant's arrest. Crannell had been pursuing defendant for some time with his lights and sirens activated before defendant finally stopped outside his brother's residence beyond the village limits. Police backup called by Crannell did not arrive until after the alleged assault upon Crannell occurred. As a result of these events, defendant was convicted after a jury trial of the crimes of assault in the second degree and resisting arrest. Defendant was sentenced to a prison term of 1½ to 4½ years on the assault conviction and one year on the resisting arrest conviction, the sentences to be served concurrently. This appeal by defendant ensued.

Initially, defendant contends that there was insufficient evidence introduced at trial to establish the crimes of assault in the second degree and resisting arrest. Viewing the evidence in the light most favorable to the People, as we must (see, People v Gemmill, 146 AD2d 951), we cannot agree. First, in order to be convicted of assault in the second degree, the People were required to present proof that defendant intended to prevent Crannell from performing a lawful duty and that he caused physical injury to Crannell (see, Penal Law § 120.05 [3]). Crannell's testimony that defendant attacked and injured him after he told him he had a warrant for his arrest adequately supported the proof required. A jury could reasonably infer from this testimony that defendant attacked Crannell in order to avoid being arrested (see, People v Allah, 126 AD2d 778, lv denied 69 NY2d 876; People v Johnson, 115 AD2d 330). The fact that defendant testified that Crannell initially attacked defendant without first telling him of the arrest warrant only provided a credibility question for the jury to decide (see, People v Alhadi, 151 AD2d 873).

Despite defendant's contentions otherwise, it is well settled that Penal Law § 120.05 (3) does not require proof that the defendant intended to injure the police officer. Instead, it need only be shown that the defendant intended to prevent the officer from performing his duty (see, People v Johnson, 115 AD2d 330, 331, supra; People ex rel. Gray v Tekben, 86 AD2d 176, 178, affd 57 NY2d 651). In view of the fact that County Court dismissed the first count of the indictment (violation of

Penal Law § 120.05 [1]), defendant's contention that the People were required to prove intent to cause a serious physical injury is without merit. Instead, the People were only required to prove under Penal Law § 120.05 (3) that Crannell had sustained a "physical injury" defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Here, Crannell sustained several injuries, including large bruises on his face and thigh, several cuts inside his mouth and a severe headache that lasted several days. He also suffered a blurring in his left eye that required repeated medical treatment. The jury found these injuries sufficient to sustain the assault conviction and we find no reason on this record to dispute that finding (see, People v Williams, 112 AD2d 176, 177; People v Williams, 105 AD2d 465; People v Fife, 39 AD2d 780).

Next, we similarly find no reason to disturb defendant's conviction for resisting arrest. Again, viewing the evidence in the light most favorable to the People, we find adequate proof that defendant intentionally attempted to prevent Crannell from effectuating an authorized arrest of defendant (see, Penal Law § 205.30).

Defendant also contends that his conviction for resisting arrest should be reversed because the arrest warrant was defective, and for that reason the arrest was not "authorized" (Penal Law § 205.30).* We do not agree. The arrest warrant was based upon an information signed by a different police officer, David Howard, who personally viewed defendant operating a motor vehicle after he had previously learned that defendant's license was revoked. When that officer finally was able to stop defendant after a pursuit of several miles and requested to see his license, defendant refused and drove away. Howard then filed informations alleging upon personal knowledge that defendant violated various provisions of the Vehicle and Traffic Law (see, Vehicle and Traffic Law § 511 [1] [a]; § 1102). Based upon this information, there was ample basis for the subsequent issuance of the arrest warrant (see, Davis v State of New York, 124 AD2d 420) which was properly signed by the local Town Justice (CPL 100.40, 120.20). Although defendant contends that he did not know that his license was revoked, this does not affect the validity of the

---

* It is not a defense to an assault conviction that an arrest may not have been authorized (Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 205.30, at 503; see, Penal Law § 35.27; Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law art 35, at 98).

warrant. Nor would defects in the warrant or defects in the execution of the warrant render defendant's arrest illegal (see, People v Johnson, 115 AD2d 330, supra; see also, People v Coffaro, 52 NY2d 932, 934). Additionally, we are unpersuaded by defendant's contention that the Town Justice erred in not issuing a summons to defendant instead of an arrest warrant (CPL 120.20 [3]). Considering the nature of the accusations and defendant's reputation as a scofflaw, there was no reason for the court to believe that defendant would respond to a summons.

Next, defendant asserts that County Court erred with respect to several aspects of its charge to the jury. Defendant contends that the court erred in charging resisting arrest as a separate crime rather than a lesser included offense of assault in the second degree and by refusing to charge assault in the third degree as a lesser included offense. Since defendant never requested these charges, he has failed to preserve these issues for appeal (see, People v Burnice, 112 AD2d 642). In any event, defendant's contentions are meritless because neither resisting arrest (People v Sargent, 136 AD2d 869, 870) nor assault in the third degree (People v Praetz, 115 AD2d 624, 625, lv denied 67 NY2d 1055) is a lesser included offense of assault in the second degree.

The remaining issues raised by defendant have been waived or have been examined and have been found to be without merit. Contrary to defendant's assertions otherwise, we find nothing improper in County Court's charge to the jury on the defense of justification.

Judgment affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.