■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MCKENZIE, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (King, J.), rendered June 15, 1989, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence adduced at trial was legally insufficient to support his conviction. In order to convict the defendant of assault in the second degree, the People were required to prove that he intended to prevent the arresting officer from performing a lawful duty and that he caused physical injury to the arresting officer (see, Penal Law § 120.05 [3]). The arresting officer's testimony that the defendant attacked and injured him after he told him that he was going to arrest him for disorderly conduct adequately provided the required proof. A jury could reasonably infer from this testimony that the defendant attacked the officer in order to avoid being arrested. That the defendant testified that the

officer initially pushed or shoved him only provided a credibility question for the jury to decide (see, People v Winslow, 153 AD2d 965). Viewing the evidence adduced at trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant further contends that the court erred in denying his motion to set aside the verdict. Generally, a jury verdict may not be impeached by proof of the tenor of its deliberations, but it may be impeached upon a showing of improper influence (see, People v Brown, 48 NY2d 388, 393). The defendant attempted to show that some jurors pressured and prevailed upon the others in order to avoid sequestration. It is clear that the defendant raises no question of improper influence, but rather seeks to impeach the verdict by delving into the tenor of the jury's deliberative process. Under these circumstances, it was a proper exercise of the court's discretion to deny the defendant's motion to set aside the verdict (see, People v Testa, 61 NY2d 1008, 1009; People v Scales, 121 AD2d 578; People v Smalls, 112 AD2d 173, 175).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]) or do not warrant reversal. Mangano, P. J., Bracken, Kunzeman and Miller, JJ., concur.