■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY P. FORTUNA, JR., Appellant.—Mahoney, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered November 9, 1990, upon a verdict convicting defendant of the crimes of assault in the second degree (two counts) and assault in the third degree.

The convictions challenged in this appeal stem from a 1990 domestic argument during which defendant physically assaulted his 75-year-old disabled father. Upon the latter's reporting this incident to the Village of Elmira Heights Police in Chemung County, a criminal summons and protective order were issued. Police Sergeant Robert Howe and Officer Gerald Pesesky went to defendant's home to deliver the documents. While Howe was reading the particulars of the protective order to defendant, the latter struck Howe in the face. Howe then advised defendant that he was under arrest. As Howe proceeded toward defendant to effect the arrest, defendant started swinging. Pesesky became involved in the ensuing attempt to subdue defendant and to effect his arrest and was assaulted by defendant in the process. As a result of these incidents, defendant was charged with, *inter alia,* assault in the third degree relative to the attack on his father and two counts of assault in the second degree arising out of his attacks on Howe and Pesesky. Following a jury trial, defendant was found guilty of the above charges and sentenced to two indeterminate prison terms of 2⅓ to 7 years for the two assault in the second degree convictions and a definite term of one year for the assault in the third degree conviction, all to run consecutively. Defendant appeals.

As an initial matter, we reject defendant's arguments that the evidence presented was legally insufficient to establish

that his assault on Howe and Pesesky was carried out with the requisite intent to prevent them from carrying out their official duties, which showing is a necessary element of the two assault in the second degree charges. The testimony at trial indicated that while Howe was reading the protective order defendant, without provocation, punched him, and Pesesky was injured as he attempted to place defendant under arrest and to prevent him from further injuring Howe. Viewing this evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), a jury could reasonably infer that defendant's acts were intended to prevent Howe and Pesesky from carrying out their official duties *(see, People v McKenzie,* 173 AD2d 493, *lv denied* 78 NY2d 956; *People v Winslow,* 153 AD2d 965, 966). Nor do we believe that the jury's conclusion in this regard was against the weight of the evidence.

We likewise reject defendant's contention that Pesesky did not suffer sufficient physical injury within the meaning of Penal Law § 120.05 (3) to support a conviction for assault in the second degree. Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Here, Pesesky sustained injury to his left thumb necessitating medical treatment and subsequent immobilization resulting in temporary loss of use. In addition, Pesesky testified to throbbing pain for several days and tenderness for several weeks. In our view, these injuries were adequate to raise a jury question on the issue of physical injury *(see, e.g., People v Fasano,* 112 AD2d 791, 792). The jury found these injuries sufficient to sustain the assault charge and we see no reason on this record to dispute that finding *(see, People v Block,* 168 AD2d 940, *lv denied* 77 NY2d 875; *People v Lundquist,* 151 AD2d 505, 507, *lv denied* 74 NY2d 849; *see also, People v Prosser,* 130 AD2d 972; *cf., People v Greene,* 70 NY2d 860, 862).

Also without merit are defendant's contentions that the imposition of consecutive sentences for the two assault in the second degree convictions was error and that the sentences imposed were excessive. Under Penal Law § 70.25 (2), concurrent sentences are mandated in situations where "more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission". Here, as in *People v Brathwaite* (63 NY2d 839), while the two assaults occurred during the course of a single extended transaction, the testimony clearly establishes that they were separate and distinct acts. Defendant initially attacked Howe as he attempted to serve papers. The attack on Pesesky

occurred subsequently as Pesesky attempted to effect defendant's arrest as a result of his attack on Howe *(see, People v Brathwaite, supra,* at 843; *People v Perrotti,* 153 AD2d 992, 993, *lv denied* 75 NY2d 774).

We have reviewed the remaining contentions raised by counsel for defendant and by defendant in his *pro se* brief and find them to be without merit or unpreserved for review.

Mikoll, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed.