■ The People of the State of New York, Respondent, v Paul Townsend, Appellant. [670 NYS2d 245] —Carpinello, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered January 4, 1996, upon a verdict convicting defendant of two counts of the crime of assault in the second degree.

In May 1995, an Albany County Grand Jury returned an indictment charging defendant with two counts of assault in the second degree (see, Penal Law § 120.05 [3]) as a result of his actions on December 23, 1994, when he caused injuries to two Albany County Deputy Sheriffs who had been assigned the duty of transporting defendant from the Albany County Courthouse to the Albany County Correctional Facility after

his arraignment on unrelated charges. Prior to these events defendant was described as unruly and "totally uncontrollable" and, during the transportation, he repeatedly kicked at the doors and windows of the marked Sheriff's vehicle despite the fact that he was in handcuffs and leg shackles.

Upon arrival at the facility, Deputy Sheriff Lanny Jensen opened the door of the parked vehicle and reached in to grab defendant by the arm. As he leaned in, however, defendant "slammed his head" into Jensen's forehead with enough force to cause extensive bruising and the necessity of medical attention. When Deputy Sheriff Joseph Carey then stepped forward to attempt to remove defendant from the vehicle, defendant's "thrashing around" caused one of Carey's hands to be injured when it came into contact with the vehicle's plexiglass safety shield. Carey's hand was put in a splint and he missed two weeks of work. Following a jury trial, defendant was convicted of the charged crimes and sentenced as a second felony offender to concurrent prison terms of 3½ to 7 years for each count. This appeal followed.

We affirm. Initially, we find that County Court did not err in denying defendant's motion seeking to dismiss the indictment as legally insufficient on the basis that Jensen and Carey were allegedly no longer "performing [their] lawful dut[ies]" (Penal Law § 120.05 [3]) at the time they were injured because they had reportedly completed transporting him to the facility. Viewing the testimony of the injured Deputies as well as the witnesses to these events in a light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), it is clear that the responsibility of Jensen and Carey to "transport" defendant to the facility did not end as soon as their vehicle stopped moving and, in fact, this transportation included securing defendant inside the facility. Thus, a jury could reasonably infer that defendant's actions were intended to prevent Jensen and Carey from carrying out their official duties (*see, People v Fortuna*, 188 AD2d 683, 684, *lv denied* 81 NY2d 839).

Finally, we have examined defendant's claim that the sentence imposed was harsh and excessive and find it to be unpersuasive.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.