■ The People of the State of New York, Respondent, v Claude Coulanges, Appellant. [696 NYS2d 466] —Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered May 24, 1995, convicting him of assault in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that his conviction of resisting arrest should be reversed because the underlying arrest for disorderly conduct was not authorized (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245). In any event, the contention is without merit. The evidence adduced at trial demonstrated that there was probable cause for the arrest. The facts and circumstances known to the arresting officer would warrant a reasonable person, who possessed the same expertise as the officer, to conclude that a crime was being or had been committed by the defendant (see, People v Jensen, 86 NY2d 248; Matter of Kara M., 242 AD2d 630, 631).

The defendant's contention that the evidence adduced at trial was legally insufficient to support his conviction of assault in the second degree (Penal Law § 120.05 [3]) is also unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, supra). In any event, this contention is without merit. "In order to convict the defendant of assault in the second degree, the People were required to prove that he intended to prevent the arresting officer from performing a lawful duty and that he caused physical injury to the arresting officer" (People v McKenzie, 173 AD2d 493; see also, Penal Law § 120.05[3]; People v Early, 85 AD2d 752). The arresting officer's testimony that the defendant injured him in the course of a chase after the officer told the defendant that he was going to be arrested for disorderly conduct provided the required proof. A jury could reasonably infer from this testimony that the defendant attacked the police officer in order to avoid being arrested. The defendant's testimony that he never touched the officer only provided a credibility question for the jury to decide (see, People v McKenzie, supra, at 494). Viewing the evidence adduced at trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Altman, J. P., Friedmann, McGinity and Schmidt, JJ., concur.