■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH BOWERS, Appellant. [700 NYS2d 785] —Judgment unanimously affirmed. Memorandum: The evidence, viewed in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), is legally sufficient to support defendant's conviction of assault in the second degree (Penal Law § 120.05 [3]; see, People v Townsend, 248 AD2d 811, 812, lv denied 92 NY2d 862; People v Roberts, 91 AD2d 1099, 1100). County Court properly denied defendant's motion pursuant to CPL 330.30 to set aside the verdict based upon the jury's exposure to newspaper reports that correction officers were injured during a disturbance at Attica Correctional Facility. Although defendant was an inmate at that facility and was charged with assaulting a correction officer, the reports are unrelated to the instant offense and make no reference to defendant. "[T]he potential for prejudice from media publicity is most tenuous when it involves reports of similar crimes committed by other individuals, even members of a group associated with defendant" (People v Horney, 112 AD2d 841, 844, lv denied 66 NY2d 615, citing People v Moore, 42 NY2d 421, cert denied 434 US 987).

We reject the contentions in defendant's pro se supplemental brief that the verdict is contrary to the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495) and that trial counsel failed to provide meaningful representation (see, People v Baldi, 54 NY2d 137, 147). We have examined the remaining contentions in the pro se supplemental brief and conclude that none requires reversal. (Appeal from Judgment of Wyoming County Court, Dadd, J.—Assault, 2nd Degree.) Present—Green, J. P., Pine, Pigott, Jr., Scudder and Callahan, JJ.