■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM EE., Appellant. [714 NYS2d 590] —Carpinello, J. Appeal from a judgment of the County Court of Schuyler County (Buckley, J.), rendered March 10, 1999, which sentenced defendant upon his adjudication as a youthful offender.

On the morning of October 9, 1997, Schuyler County Sheriff Deputies John Pierce and Michael Ruocco responded to a domestic dispute call at a trailer park in the Village of Montour Falls, Schuyler County. Ruocco arrived first and proceeded to interview defendant's girlfriend and a few neighbors inside one of the residences. According to Ruocco, after obtaining information that defendant and his girlfriend had an argument, his investigation inside was "complete." Ruocco made no physical observations of defendant's girlfriend other than that she was crying. Pierce, who arrived within seconds of Ruocco, proceeded to interview defendant and another neighbor, who were standing outside in an adjacent yard.

Pierce obtained basic information from both men, including their names, addresses, phone numbers and dates of birth. Because defendant and this other man were talking at the same time, he requested that defendant come from around a fence so that they could talk without distractions. Defendant complied. At this time, defendant was specifically told that he was not under arrest and that Pierce just "wanted to talk to him." When defendant approached the patrol car, Pierce opened its back door and requested that defendant get inside. Defendant responded that "he wasn't going to get into the car because [Pierce] had no reason to arrest him." Pierce repeated his claim that defendant was not going to be arrested, specifically told defendant that he had no grounds to arrest him and repeated his desire to simply talk to him in the car. Defendant became increasingly upset and began yelling that "he didn't do anything" and that Pierce did not "have any right to arrest him."

According to Pierce, after the two "debated" the issue for

about a minute—with defendant repeating his assertion that Pierce had no right to arrest him and Pierce repeating his assertion that defendant was not under arrest—"[i]t appeared that [defendant] was going to run." This prompted Pierce to grab the back of defendant's shirt to prevent him from "fleeing," at which point both Pierce and Ruocco, who had since exited the trailer, "took him down." After forcing defendant to the ground with "full force," Pierce told him that he was being arrested for disorderly conduct. During the fracas, Pierce and Ruocco each sustained an injury to a finger; Pierce suffering a fracture to his pinky finger and Ruocco injuring his right thumb. As a result of this incident, defendant was indicted on two counts of assault in the second degree (see, Penal Law § 120.05 [3]) and resisting arrest (see, Penal Law § 205.30). Following a jury trial, he was found guilty of the assault charges but acquitted of resisting arrest. Defendant appeals.

A review of the record compels the conclusion that there was legally insufficient evidence that defendant intended to prevent a police officer from performing a lawful duty necessary to support his convictions for assault in the second degree (see, Penal Law § 15.05 [1]; CPL 70.10 [1]; see also, People v Campbell, 72 NY2d 602, 604; People v Fortuna, 188 AD2d 683, 684, lv denied 81 NY2d 839). The lawful duty with which defendant was allegedly interfering was the Deputies' investigation into the domestic dispute call. Pierce specifically testified that defendant was interfering with his investigation by taking off, making a scene and yelling, instead of cooperating. According to the testimony of both Pierce and Ruocco, however, defendant had no obligation to give a statement, had no obligation to get into the patrol car and had no obligation to remain in their presence. Notwithstanding, as soon as defendant attempted to leave, he was physically detained and, after a struggle on the ground, arrested for disorderly conduct.

There was no evidence that defendant interfered with the Deputies' attempt to interview potential witnesses, to gain access to the trailer or to in any way do their job that morning (compare, People v Townsend, 248 AD2d 811, lv denied 92 NY2d 862). Rather, defendant answered all questions, agreed to accompany Pierce to the vicinity of the patrol car and became agitated and "disorderly" only when Pierce remained adamant that defendant get into the patrol car. Defendant's conduct in doing that which he was legally entitled to do—refusing to get into the patrol car—did not give the Deputies reasonable suspicion to detain him or constitute an intention on his part to interfere with their investigation.

Further, there was no evidence that defendant injured the Deputies in an attempt to avoid being arrested such that an intent to interfere can be inferred (*compare, People v Pierce*, 201 AD2d 677, *lv denied* 83 NY2d 914; *People v Winslow*, 153 AD2d 965; *People v Sargent*, 136 AD2d 869; *People v Johnson*, 115 AD2d 330) since he did not know that he was being arrested until after the fracas had begun and, more importantly, he was acquitted of resisting arrest. Furthermore, defendant did not attack either Deputy or instigate the physical contact between them which might, in turn, support an inference that he intended to interfere with their investigation (*compare, People v Coulanges*, 264 AD2d 853, *lv denied* 94 NY2d 878; *People v Milhouse*, 246 AD2d 119, 120; *People v Fortuna, supra*; *People v McKenzie*, 173 AD2d 493, *lv denied* 78 NY2d 956; *People v Gates*, 168 AD2d 995, *lv denied* 77 NY2d 906; *People v Douglas*, 143 AD2d 452, 453).

Cardona, P. J., Crew III, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.