THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMIEN JENKINS, Appellant. [853 NYS2d 629]—

The County Court did not err in allowing the People to elicit testimony from police officers that a warrant existed for the defendant's arrest for a serious felony and that the officers had reason to believe he might be in possession of a weapon. This limited testimony, which did not describe the nature of the uncharged felony, and was coupled with proper limiting instructions, was necessary to provide background information establishing the basis for the officers' actions, and was more probative than prejudicial (*see People v Tosca*, 98 NY2d 660

[2002]; *People v Monzon*, 289 AD2d 595 [2001]; *People v Callegari*, 236 AD2d 551 [1997]; *cf. People v Resek*, 3 NY3d 385 [2004]).

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), it was legally sufficient to establish, beyond a reasonable doubt, that the defendant caused physical injury to a police officer with the intent to prevent him from performing a lawful duty (*see* Penal Law § 120.05 [3]; *People v Coulanges*, 264 AD2d 853 [1999]; *People v McKenzie*, 173 AD2d 493 [1991]), and that the defendant caused serious physical injury to a bystander in the course of and in furtherance of the commission of a felony or immediate flight therefrom (*see* Penal Law § 120.10 [4]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.