People v Lowman (2019 NY Slip Op 04823)





People v Lowman


2019 NY Slip Op 04823


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


233 KA 13-01831

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RODNEY J. LOWMAN, DEFENDANT-APPELLANT. 






JEFFREY WICKS, PLLC, ROCHESTER (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered September 27, 2013. The judgment convicted defendant, upon a jury verdict, of resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of resisting arrest (Penal Law § 205.30). The conviction arises out of a 2012 incident in which a police officer stopped a vehicle in which defendant was a passenger. Upon entering defendant's name in a database, the officer discovered that defendant had an outstanding bench warrant in connection with a 2005 harassment charge. The officer and a colleague then approached the vehicle and attempted to execute the warrant. As the officers tried to handcuff defendant, however, he pulled away and ran down the street.
A "person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer . . . from effecting an authorized arrest" (Penal Law § 205.30 [emphasis added]). Insofar as relevant here, "[i]t is an essential element of the crime of resisting arrest that the arrest be authorized and, absent proof that the arresting officer had a warrant . . . to arrest defendant for commission of some offense, a conviction cannot stand" (People v Alejandro, 70 NY2d 133, 135 [1987]). For these purposes, only a facially valid warrant will confer authority to arrest (see People v Franklin, 288 AD2d 751, 754-755 [3d Dept 2001], lv denied 97 NY2d 728 [2002]; People v Winslow, 153 AD2d 965, 967-968 [3d Dept 1989]).
Defendant contends that the verdict is against the weight of the evidence with respect to the officer's authority to arrest him. We reject that contention. "An arrest warrant is valid on its face when it follows the statutory form" (Boose v City of Rochester, 71 AD2d 59, 66 [4th Dept 1979]; see McIntyre v State of New York, 142 AD2d 856, 857 [3d Dept 1988]), and there is no dispute that the bench warrant in this case fully complied with the governing statutory provisions (see CPL 530.70). Thus, it is undisputed that the warrant was facially valid, and it necessarily follows that the officer was authorized to arrest defendant for purposes of the resisting arrest statute (see Winslow, 153 AD2d at 967-968; cf. Franklin, 288 AD2d at 753-754).
Contrary to defendant's contention, the fact that the statutory speedy trial period had expired on the charge underlying the bench warrant did not vitiate the warrant's facial validity and thereby negate the officer's authority to execute it for purposes of the resisting arrest statute (see Matter of James T., 189 AD2d 580, 580 [1st Dept 1993]; Matter of Charles M., 143 AD2d 96, 96-97 [2d Dept 1988]; see generally People v Coffaro, 52 NY2d 932, 934 [1981]). Indeed, it is well established that an officer's authority to arrest does not hinge on the ultimate success of the underlying prosecution, if any (see People v Laltoo, 22 AD3d 230, 230 [1st Dept 2005]; People v Thomas, 239 AD2d 246, 247 [1st Dept 1997], lv denied 90 NY2d 911 [1997]; People v Martin, 222 AD2d 528, 529 [2d Dept 1995], lv denied 88 NY2d 850 [1996]; People v Bertino, [*2]93 AD2d 972, 972-973 [4th Dept 1983]).
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court