People v Truluck (2019 NY Slip Op 04969)





People v Truluck


2019 NY Slip Op 04969


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2014-06447
 (Ind. No. 5363/12)

[*1]The People of the State of New York, respondent,
v
Jonathan Truluck, appellant.


Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Howard B. Goodman, and Kristen A. Carroll of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered June 24, 2014, convicting him of assault in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the facts, by vacating the conviction of assault in the second degree predicated on Penal Law § 120.05(3) under count two of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant's contention that his constitutional rights were violated by the admission into evidence of telephone calls he made to his brother while detained at Rikers Island Correctional Facility is unpreserved for appellate review (see CPL 470.05[2]; People v Perez, 167 AD3d 1049, 1049-1050; People v Lamb, 164 AD3d 1470, 1471). In any event, the defendant's argument is without merit (see People v Diaz, ___ NY3d ___, 2019 NY Slip Op 01260 [2019]; People v Cisse, 32 NY3d 1198).
However, upon the exercise of our factual review power (see CPL 470.15[5]), we find that the defendant's conviction of assault in the second degree predicated on Penal Law § 120.05(3) under count two of the indictment is against the weight of the evidence.
The evidence presented at trial showed that, on the evening of June 21, 2012, the defendant and his brother were sitting on an elevated subway grate on Marcy Avenue, in Brooklyn. The two men were talking while the defendant's brother was eating something out of a bowl. Two police officers in full uniform, who were on foot patrol in that area, walked past the two men without speaking to them. A few minutes later, the officers returned to the location where the two brothers were still sitting. The officers approached the brothers, despite the fact that neither of them was engaged in any suspicious, let alone criminal, activity.
The officers testified that the female officer had asked the men what was "going on" [*2]and, after receiving no response, both officers then repeated the question. At that point, the defendant's brother responded with profanity directed at the female officer, asking her to "get out of his face" or leave them alone. The defendant told his brother to relax and calm down, but to no avail. The defendant's brother stood up and said he was "tired of being harassed" and asked the female officer, "[W]hy are you bothering us?" The defendant again intervened, trying to calm his brother down and telling him to "just walk away." As the defendant's brother kept yelling and becoming more agitated, the defendant held him around his waist, pulling him away from the officers and toward a nearby store.
The female officer further testified that they decided to follow the men outside the front of the store to "keep an eye" on the defendant's brother, who was still yelling and screaming. At that point, the female officer radioed for nonemergency backup and, shortly thereafter, the defendant unexpectedly turned toward her and punched her in the face.
The female officer further testified that, prior to the defendant's punch, she had not spoken with the defendant, did not give him any commands, and made no physical contact with him, since "he wasn't doing anything." Moreover, while the defendant's brother was yelling profanities and displaying "irate behavior," he had no physical contact with either of the officers, and neither officer testified that they intended to arrest him for any offense.
To sustain a conviction of assault in the second degree under Penal Law § 120.05(3), the People must establish, inter alia, that the injured police officer was engaged in a lawful duty at the time of the assault by the defendant (see People v Hurdle, 106 AD3d 1100, 1103; People v Lindsey, 52 AD3d 527, 529; People v William EE., 276 AD2d 918, 919-920), and that the defendant caused physical injury to the officer with the intent to prevent the officer from performing such duty (see Penal Law § 120.05[3]).
In its instructions to the jury, the Supreme Court did not initially define the term "lawful duty." During deliberations, the jury asked the court to explain what the female officer's lawful duty was at the time of the assault by the defendant. With the consent of both parties, the court instructed the jury, in relevant part, that "a peace officer or police officer acting pursuant to his or her special duties may arrest a person for any offense when he or she has reasonable cause to believe that such person has committed such offense in his or her presence, and a crime when he or she has reasonable cause to believe that such person has committed such crime whether in his or her presence or otherwise."
Since the People failed to register any objection to the Supreme Court's supplemental charge, they were bound to satisfy the heavier burden of proof contained therein (see People v Malagon, 50 NY2d 954, 956; People v Samuels, 130 AD3d 757, 759), and we must weigh the evidence in light of the elements of the crimes as charged to the jury without objection (see People v Singh, 128 AD3d 860, 862).
The consistent testimony of the two police officers shows that they were not in the process of arresting the defendant when the assault occurred. Moreover, while the trial evidence establishes that the defendant's brother was yelling profanities at the female officer and displaying irate behavior, neither of the officers testified that they intended at any time to arrest the defendant's brother for any offense, or were attempting to do so at the time of the assault. Under these circumstances, and particularly in light of the highly specific supplemental charge given by the trial court on the meaning of "lawful duty," the evidence was factually insufficient to prove that the female officer was engaged in a lawful duty, as that term was defined to the jury by the Supreme Court, at the time of the assault by the defendant (see People v Hurdle, 106 AD3d 1100, 1103; People v Lindsey, 52 AD3d at 529; People v William EE., 276 AD2d at 919-920; cf. People v Bueno, 18 NY3d 160).
In light of our determination, we need not reach the defendant's remaining contention.
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court