■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAYDEN TOWNSLEY, Appellant. [856 NYS2d 424]—Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered March 2, 2006. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of two counts of assault in the second degree (Penal Law § 120.05 [3]), defendant contends that the evidence is legally insufficient to support the conviction inasmuch as the People failed to establish that he intended to prevent the correction officers in question from performing a lawful duty. Defendant failed to preserve his contention for our review with respect to the first of the two counts of assault in the second degree because his motion for a trial order of dismissal with respect to that count "was not specifically directed at the ground advanced on appeal" (*People v Vassar*, 30 AD3d 1051, 1052 [2006], *lv denied* 7 NY3d 796 [2006]; *see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, we conclude that the evidence is legally sufficient with respect to both counts of which he was convicted and that, contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant also failed to preserve for our review his contention that County Court's charge was deficient based on the court's failure to articulate a sufficient instruction with respect to the meaning of the "lawful duty" element of Penal Law § 120.05 (3) (*see People v McMillan*, 234 AD2d 1006 [1996], *lv denied* 89 NY2d 1038 [1997]; *see also People v Bowers*, 4 AD3d 558, 560 [2004], *lv denied* 2 NY3d 796 [2004]). In addition, he failed to preserve for our review his contention that the verdict is repugnant insofar as the jury found him guilty of assault in the second degree under Penal Law § 120.05 (3) and acquitted him of assault in the second degree under section 120.05 (7) (*see* CPL 470.05 [2]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The sentence is not unduly harsh or severe.

We have considered defendant's remaining contentions, including those raised in the pro se supplemental brief, and conclude that they are without merit. Present—Hurlbutt, J.P., Smith, Fahey, Green and Pine, JJ.