# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

636
KA 13-02116
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

CHRISTOPHER M. HORR, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER, FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered October 2, 2013. The judgment convicted defendant, upon a jury verdict, of assault in the second degree, false personation and resisting arrest.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, assault in the second degree (Penal Law § 120.05 [3]). Defendant failed to preserve for our review his contention that Supreme Court failed to articulate a sufficient jury instruction with respect to the causation element of Penal Law § 120.05 (3) (*see generally People v Townsley*, 50 AD3d 1610, 1611, *lv denied* 11 NY3d 742), and we decline to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's contention that the court abused its discretion in denying his request for new counsel. The general assertions of defendant that counsel was "not complying with [his] wishes" and that he was not "being represented properly" were not sufficient to raise a " 'serious complaint' " warranting substitution of counsel (*People v Adger*, 83 AD3d 1590, 1591, *lv denied* 17 NY3d 857). Finally, the court properly granted defendant's request to proceed pro se after inquiring into defendant's education and knowledge of legal matters, making defendant aware of the disadvantages of proceeding without counsel, and appointing standby counsel to assist defendant at trial, if necessary (*see generally*

*People v Providence*, 2 NY3d 579, 582).