People v Ringrose (2020 NY Slip Op 04719)





People v Ringrose


2020 NY Slip Op 04719


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1079 KA 18-01060

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MATTHEW D. RINGROSE, ALSO KNOWN AS ROSE, DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered November 12, 2014. The judgment convicted defendant upon a nonjury verdict of luring a child (six counts), criminal sexual act in the third degree and rape in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of six counts of luring a child and dismissing counts one through five and eight of the indictment, and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him following a nonjury trial of criminal sexual act in the third degree (Penal Law
§ 130.40 [2]), rape in the third degree (§ 130.25 [2]), and six counts of luring a child (§ 120.70 [1]), defendant contends, inter alia, that the evidence is legally insufficient to support the conviction on the counts of luring a child and that the verdict is against the weight of the evidence with respect to those counts. We agree. We therefore modify the judgment by reversing those parts convicting him of six counts of luring a child and dismissing counts one through five and eight of the indictment.
The evidence at trial established that, when defendant was 30 years old, he met 16-year-old BD on an adult dating website. The two thereafter communicated via cell phone, text messages, Facebook messaging, Skype and Snapchat. Shortly thereafter, NS, a friend of BD, initiated contact with defendant through Facebook. NS was also 16 years old at the time. While communicating for weeks with both BD and NS via cell phone, text messages, Facebook, Skype and Snapchat, defendant lied about his age and his military status, among other things. Also, he flattered the girls by saying that they were "really cute" and that he "really liked" them. Both girls lived in Ontario County and were juniors in high school.
Defendant eventually met NS in person and drove her to his house in Monroe County, where they had sexual intercourse. Over the ensuing two or three weeks, defendant drove NS to his house three more times to engage in sexual activity. In the meantime, defendant twice had both sexual intercourse and oral sexual contact with BD, once at her house in Ontario County after picking her up at school and driving her home, and the other time at his house after driving her there.
Defendant was later arrested and charged in Ontario County with one count each of rape in the third degree (sexual intercourse with BD) and criminal sexual act in the third degree (oral sex with BD) and six counts of luring a child. The counts charging luring a child alleged that defendant lured NS and BD into his motor vehicle for the purpose of committing a felony sex [*2]offense against them.
Following a nonjury trial, defendant was convicted on all counts. County Court sentenced defendant as a second felony offender to consecutive indeterminate terms of imprisonment of 2 to 4 years on each of the counts of luring a child, reduced by operation of law to an aggregate term of 10 to 20 years, and to four-year determinate terms of imprisonment on the remaining counts. The four-year terms are to run concurrently to each other but consecutively to the sentence imposed for luring a child. The aggregate sentence is 14 to 24 years, plus a term of postrelease supervision.
In a separate prosecution, defendant was convicted in Monroe County of multiple counts of statutory rape for the sexual intercourse he engaged in with BD and NS at his residence. He was also convicted in Monroe County of raping a third girl. Monroe County Court imposed an aggregate prison term of 16 years, concurrent to the sentence imposed in Ontario County.
"A verdict is legally sufficient when, viewing the facts in a light most favorable to the People, there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 349 [2007] [internal quotation marks omitted]; see People v Acosta, 80 NY2d 665, 672 [1993]). If the evidence is legally insufficient to establish an element of the charged crime, it necessarily follows that the verdict is against the weight of the evidence inasmuch as we "necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight" (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]; see Danielson, 9 NY3d at 349; People v Francis, 83 AD3d 1119, 1120 [3d Dept 2011], lv denied 17 NY3d 806 [2011]).
Here, to convict defendant of luring a child, the People were required to establish that, on or about the dates alleged in the indictment, defendant lured the victims into his motor vehicle, that the victims were less than 17 years of age, and that defendant engaged in that activity for the purpose of committing a felony sex offense against the victims (see Penal Law § 120.70 [1]). In our view, the People failed to prove that defendant lured the victims into a motor vehicle.
The indictment did not specifically allege which of defendant's statements to the victims constitute the acts of luring, and discovery provided no elucidation on that point. At trial, the People argued that defendant lured the victims by making numerous false statements to the victims before he met them in person. The People also suggested that defendant lured the victims with his flattering comments about their physical appearances. Even if those statements constitute luring, it is clear from the record that they were made well before defendant and the victims had any concrete plans to meet. Thus, those statements were not made by defendant in an effort to persuade the victims to enter his motor vehicle. The fact that defendant drove the victims to his house days and weeks later cannot transform his statements into luring. We therefore conclude that the evidence is legally insufficient to establish a key element of luring a child under Penal Law § 120.70 (1), and the verdict is therefore also against the weight of the evidence.
Moreover, as defendant points out on appeal, even if we were to conclude that defendant lured the victims into his car with the statements he made to them on the phone and through the various social media platforms, all such statements were made before defendant's first sexual encounter with each victim and cannot be relied upon by the People to support the subsequent counts of luring a child inasmuch as there has to be a separate and distinct act of luring for each count. It follows that four of the six counts of luring a child would have to be dismissed even if we were to accept the dubious theory that defendant lured the victims into his car by the statements he made to them days and weeks earlier.
In light of our determination, we need not address defendant's other contentions regarding the weight and sufficiency of the evidence. We have reviewed defendant's remaining contentions and conclude that they do not require reversal or further modification of the judgment.
All concur except Carni and Curran, JJ., who dissent and vote to affirm in the [*3]following memorandum: We respectfully dissent and would affirm. The majority concludes that the evidence is legally insufficient to support defendant's conviction on the counts of luring a child (Penal Law § 120.70 [1]). The majority bases its conclusion on the People's failure to establish that defendant committed contemporaneous acts of luring at the time that he invited the victims to enter his motor vehicle. Defendant did not, however, raise that issue on appeal as a ground for modifying the judgment, and thus it is not properly before us (see generally People v Pace, 70 AD3d 1364, 1366 [4th Dept 2010], lv denied 14 NY3d 891 [2010]).
We reject the contentions raised by defendant on appeal. By failing to seek a trial order of dismissal on the ground that the evidence is legally insufficient to support the conviction on the counts of luring a child because the People failed to establish that defendant had knowledge of the age of his two minor victims, defendant failed to preserve that contention for our review (see People v Townsley, 50 AD3d 1610, 1611 [4th Dept 2008], lv denied 11 NY3d 742 [2008]). In any event, that contention lacks merit. The offense of luring a child does not require that a defendant have knowledge that his victim is less than 17 years of age (see Penal Law § 15.20 [3]; see generally People v Burman, 173 AD3d 1727, 1728-1729 [4th Dept 2019]). Defendant likewise failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction on the counts of luring a child because the People failed to establish that defendant acted for the purpose of engaging in a felony sex offense (see Townsley, 50 AD3d at 1611). In any event, that contention lacks merit inasmuch as defendant's intent to engage in such an offense "may be inferred from [his] conduct as well as the surrounding circumstances" (People v Hatton, 26 NY3d 364, 370 [2015] [internal quotation marks omitted]).
We reject defendant's related contention that defense counsel's failure to raise those grounds in support of the motion for a trial order of dismissal constituted ineffective assistance. As we determined herein, the evidence is legally sufficient on each of the grounds raised by defendant, and it is well settled that a defendant "is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (People v Lopez, 119 AD3d 1426, 1428 [4th Dept 2014], lv denied 25 NY3d 990 [2015] [internal quotation marks omitted]).
We reject defendant's contention that the evidence is legally insufficient to support the conviction on the counts of luring a child because the evidence established that his minor victims followed him voluntarily. Because the Penal Law contains no definition of "lure" (see Penal Law § 120.70), we must give the term its "ordinary" and "commonly understood" meaning, for which we may use dictionary definitions as "useful guideposts" (People v Ocasio, 28 NY3d 178, 181 [2016] [internal quotation marks omitted]). The term "lure" is defined as "to attract, entice, or tempt; allure" (Webster's Unabridged Dictionary [Random House 1999]). We conclude that "lure," as used in Penal Law § 120.70, contemplates a minor victim who has decided to follow a defendant after the defendant encouraged, invited, or otherwise persuaded the victim to make that decision, and we thus further conclude that the evidence against defendant is sufficient notwithstanding the fact that his victims accompanied him without his use of threats, force, or other forms of compulsion. For the same reasons, viewing the evidence in light of the elements of the crime of luring a child as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict with respect to those counts is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We also reject defendant's contention that County Court erred in refusing to suppress a statement defendant made to an officer before the officer advised defendant of his Miranda rights. It is well settled that "the safeguards required by Miranda are not triggered unless a suspect is subject to custodial interrogation" (People v Paulman, 5 NY3d 122, 129 [2005] [internal quotation marks omitted]; see People v Bell-Scott, 162 AD3d 1558, 1559 [4th Dept 2018], lv denied 32 NY3d 1169 [2019]). Here, defendant's encounter with the officer rose at most to a level three detention under the framework of People v De Bour (40 NY2d 210, 222-223 [1976]; see generally People v Suttles, 171 AD3d 1454, 1455 [4th Dept 2019]; People v Layou, 71 AD3d 1382, 1383 [4th Dept 2010]), and defendant thus was not in custody when he made the statement (see People v Bennett, 70 NY2d 891, 893-894 [1987]; People v Shelton, 111 AD3d 1334, 1336 [4th Dept 2013], lv denied 23 NY3d 1025 [2014]; People v Wiesmore, 204 AD2d 1003, 1004-1005 [4th Dept 1994], lv denied 84 NY2d 873 [1994]).
Even assuming, arguendo, that the court erred in allowing a police investigator to offer [*4]testimony regarding the physical appearance of one of defendant's victims, we conclude that any error in admitting that testimony is harmless (see People v LoMaglio, 124 AD3d 1414, 1416 [4th Dept 2015], lv denied 25 NY3d 1203 [2015]). "In a bench trial, the court is presumed to have considered only competent evidence in reaching its verdict," and defendant has not shown "that the admission of inadmissible testimony prejudiced him" (id. [internal quotation marks omitted]). Although defendant is correct that the presumption does not apply where the trial judge improperly allows testimony over objection without "some reliable indication that, notwithstanding the erroneous ruling, the judge knows that the evidence must be disregarded" (People v Pabon, 28 NY3d 147, 158 [2016]), the judge here provided such a reliable indication by sustaining two prior, related objections and establishing on the record that the judge understood the narrow context in which the investigator's testimony could properly be considered.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court