People v Dupuis (2021 NY Slip Op 01680)





People v Dupuis


2021 NY Slip Op 01680


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1177 KA 19-02121

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NATHAN J. DUPUIS, DEFENDANT-APPELLANT. 






BELLETIER LAW OFFICE, SYRACUSE (ANTHONY BELLETIER OF COUNSEL), FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Chauncey J. Watches, J.), rendered April 24, 2019. The judgment convicted defendant after a nonjury trial of sexual abuse in the first degree (two counts), attempted sexual abuse in the first degree, and endangering the welfare of a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of two counts each of sexual abuse in the first degree (Penal Law § 130.65 [3]) and endangering the welfare of a child (§ 260.10 [1]), and one count of attempted sexual abuse in the first degree (§§ 110.00, 130.65 [3]). Viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although a different finding would not have been unreasonable (see Danielson, 9 NY3d at 348; Bleakley, 69 NY2d at 495), we conclude that, "[b]ased on the weight of the credible evidence, [County C]ourt . . . was justified in finding the defendant guilty beyond a reasonable doubt" (Danielson, 9 NY3d at 348; see generally People v Romero, 7 NY3d 633, 642-643 [2006]). " 'Great deference is to be accorded to the [factfinder]'s resolution of credibility issues based upon its superior vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony' " (People v Gritzke, 292 AD2d 805, 805-806 [4th Dept 2002], lv denied 98 NY2d 697 [2002]; see People v Martin, 122 AD3d 1424, 1425 [4th Dept 2014], lv denied 25 NY3d 951 [2015]), and we perceive no reason to disturb the court's credibility determinations.
Defendant failed to preserve for our review his contention that the court erred in allowing the People to introduce Molineux evidence (see CPL 470.05 [2]; see generally People v Taylor, 2 AD3d 1306, 1307 [4th Dept 2003], lv denied 2 NY3d 746 [2004]) inasmuch as defense counsel advised the court that the defense did not oppose the People's Molineux application and defendant raised no objection to the police officer testimony that he now challenges on appeal.
Defendant failed to preserve for our review his contention that the court, "in determining the sentence to be imposed, penalized [him] for exercising [his] right to a . . . trial" (People v Garner, 136 AD3d 1374, 1374 [4th Dept 2016], lv denied 27 NY3d 997 [2016]; see People v Coapman, 90 AD3d 1681, 1683-1684 [4th Dept 2011], lv denied 18 NY3d 956 [2012]). In any event, that contention is without merit. "The mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting [his] right to trial," and there is no indication in the record before us that the sentencing court acted in a vindictive manner based on defendant's exercise of the right to a trial (Garner, 136 AD3d at 1374 [internal quotation marks omitted]). Moreover, "[g]iven that the quid pro quo of the bargaining process will almost necessarily involve offers to moderate [*2]sentences that ordinarily would be greater, it is also to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea" (People v Martinez, 26 NY3d 196, 200 [2015] [internal quotation marks omitted]; see People v Pope, 141 AD3d 1111, 1112 [4th Dept 2016], lv denied 29 NY3d 951 [2017]). Finally, the sentence is not unduly harsh or severe.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court