People v Ringrose (2022 NY Slip Op 00569)





People v Ringrose


2022 NY Slip Op 00569


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, AND BANNISTER, JJ.


945 KA 21-00595

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MATTHEW D. RINGROSE, DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered April 16, 2015. The judgment convicted defendant upon a plea of guilty of rape in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Monroe County Court for further proceedings on the indictment.
Memorandum: Defendant appeals from a judgment entered in Monroe County convicting him upon a plea of guilty of two counts of rape in the second degree (Penal Law § 130.30 [1]). Pursuant to the plea agreement, County Court sentenced defendant to two consecutive eight-year determinate terms of imprisonment that were to run concurrently with an aggregate prison term of 14 to 24 years previously imposed on defendant in Ontario County for rape in the third degree, criminal sexual act in the third degree, and six counts of luring a child. On appeal from the Ontario County judgment, however, this Court modified that judgment by reversing those parts convicting defendant of six counts of luring a child (People v Ringrose, 186 AD3d 1137 [4th Dept 2020], lv denied 36 NY3d 1053 [2021]). As a result, the aggregate term of imprisonment with respect to the Ontario County judgment became four years (id. at 1138).
We agree with defendant, and the People correctly concede, that, under the circumstances of this case, the judgment in Monroe County must be reversed and the plea vacated (see People v Peterson, 186 AD3d 1092, 1092 [4th Dept 2020]). "The critical question is whether the removal or reduction of the preexisting sentence nullified a benefit that was expressly promised and was a material inducement to the guilty plea" (People v Rowland, 8 NY3d 342, 345 [2007]). Here, when defendant pleaded guilty in Monroe County, the court expressly informed him that the aggregate 16-year term of imprisonment would run concurrently with the aggregate 14-to-24-year term already imposed in Ontario County, and thus the plea would result in no or relatively little additional prison time (see generally People v Monroe, 21 NY3d 875, 877-878 [2013]; People v Valerio, 176 AD3d 1625, 1626 [4th Dept 2019]). Once the Ontario County sentence was reduced as a result of our determination on the prior appeal to a term of four years, defendant lost the benefit previously conferred by the concurrent nature of the Monroe County plea, and "we cannot say defendant would have accepted the plea bargain . . . had it not been for his [14-to-24]-year sentence in the [Ontario County] case, now reduced to [four years]" (Rowland, 8 NY3d at 345; cf. People v Freeman, 159 AD3d 1337, 1337 [4th Dept 2018], lv denied 31 NY3d 1147 [2018]).
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court