People v McCrea (2022 NY Slip Op 00752)





People v Mccrea


2022 NY Slip Op 00752


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, AND BANNISTER, JJ.


30 KA 19-01656

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER E. MCCREA, DEFENDANT-APPELLANT. 






DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.
DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered July 11, 2019. The judgment convicted defendant upon a jury verdict of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of assault in the second degree (Penal Law § 120.05 [3]), defendant contends that the evidence is legally insufficient to support the conviction inasmuch as the People failed to establish that he intended to prevent a police officer from performing a lawful duty. Defendant failed to preserve his contention for our review because his motion for a trial order of dismissal was not specifically directed at the ground advanced on appeal (see People v Gray, 86 NY2d 10, 19 [1995]; People v Townsley, 50 AD3d 1610, 1611 [4th Dept 2008], lv denied 11 NY3d 742 [2008]). In any event, we conclude that the evidence is legally sufficient to support the conviction and, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The sentence is not unduly harsh or severe.
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court