People v Gilmore (2022 NY Slip Op 00769)





People v Gilmore


2022 NY Slip Op 00769


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, AND PERADOTTO, JJ.


117 KA 18-01569

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICHARD L. GILMORE, DEFENDANT-APPELLANT. 






LELAND D MCCORMAC III, INTERIM PUBLIC DEFENDER, UTICA (JAMES P. GODEMANN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Robert Bauer, J.), rendered February 28, 2018. The judgment convicted defendant upon a jury verdict of assault in the second degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law
§ 120.05 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even if we assume, arguendo, that a different verdict would not have been unreasonable, we conclude that " 'the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded' " (People v Chelley, 121 AD3d 1505, 1506 [4th Dept 2014], lv denied 24 NY3d 1218 [2015], reconsideration denied 25 NY3d 1070 [2015]).
Defendant's contention that the sentence constitutes cruel and unusual punishment is not preserved for our review (see People v Pena, 28 NY3d 727, 730 [2017]; People v McDermid, 177 AD3d 1412, 1412 [4th Dept 2019], lv denied 34 NY3d 1161 [2020]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defendant's contention that he was punished for exercising his right to trial is also not preserved for our review (see People v Gorton, 195 AD3d 1428, 1430 [4th Dept 2021], lv denied 37 NY3d 1027 [2021]; People v Dupuis, 192 AD3d 1626, 1627 [4th Dept 2021], lv denied 37 NY3d 964 [2021]). In any event, it is without merit. "[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that [the] defendant was punished for asserting his [or her] right to trial" (People v Tetro, 181 AD3d 1286, 1290 [4th Dept 2020], lv denied 35 NY3d 1070 [2020] [internal quotation marks omitted]), and here we conclude that "there is no indication in the record before us that [County Court] acted in a vindictive manner based on defendant's exercise of the right to a trial" (id. [internal quotation marks omitted]). Finally, the sentence is not unduly harsh or severe.
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court