People v Tillmon (2024 NY Slip Op 03294)

People v Tillmon

2024 NY Slip Op 03294

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

406 KA 22-01450

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JUSTIN M. TILLMON, DEFENDANT-APPELLANT. 

THOMAS L. PELYCH, HORNELL, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (SUSAN C. AZZARELLI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered July 21, 2022. The judgment convicted defendant upon a jury verdict of assault in the second degree (two counts) and assault in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, two counts of assault in the second degree (Penal Law § 120.05 [3]), defendant contends that the conviction of those counts is not supported by legally sufficient evidence inasmuch as the People failed to establish that the officers were performing a lawful duty when defendant was arrested and that he intended to prevent police officers from performing that lawful duty. Defendant failed to preserve his contention for our review (see People v McCrea, 202 AD3d 1437, 1437 [4th Dept 2022]; People v Townsley, 50 AD3d 1610, 1611 [4th Dept 2008], lv denied 11 NY3d 742 [2008]; see generally People v Gray, 86 NY2d 10, 19 [1995]). In any event, the contention lacks merit. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences that would lead a rational juror to conclude that defendant intentionally prevented the officers from performing their lawful duty (see People v Bell, 176 AD3d 1634, 1634-1635 [4th Dept 2019], lv denied 34 NY3d 1075 [2019]; People v Metales, 171 AD3d 1562, 1563 [4th Dept 2019], lv denied 33 NY3d 1107 [2019]; cf. People v William EE., 276 AD2d 918, 919 [3d Dept 2000]).
Defendant further contends that his conviction of assault in the second degree as charged in count two of the indictment is not supported by legally sufficient evidence that the officer in question sustained a physical injury. Contrary to the People's assertion, we conclude that defendant's contention is preserved for review (see People v Lawrence, 221 AD3d 1583, 1584-1585 [4th Dept 2023], lv denied 40 NY3d 1093 [2024]; cf. Bell, 176 AD3d at 1634). We nevertheless reject his contention.
Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). " '[S]ubstantial pain' cannot be defined precisely, but it can be said that it is more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]). Here, the People elicited testimony that the officer hit his left knee on the floor and on a nearby object during a struggle with defendant, immediately after which he felt pain in his knee, walked with a limp, and had trouble bending that leg. The officer sought emergency medical attention for his injury, treated it with over-the-counter pain medication, and missed several days of work because of it, and his knee continued to trouble him years later. We conclude that the foregoing evidence is sufficient to establish that the officer sustained a physical injury (see People v Talbott, 158 AD3d 1053, 1054 [4th Dept 2018], lv denied 31 NY3d 1088 [2018]; People v Stillwagon, 101 AD3d 1629, 1630 [4th Dept 2012], lv denied 21 NY3d 1020 [2013]). Furthermore, viewing the [*2]evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence with respect to whether the officer sustained a physical injury (see People v Bookman, 224 AD3d 1269, 1270 [4th Dept 2024]; People v Westbrooks, 213 AD3d 1274, 1275 [4th Dept 2023], lv denied 39 NY3d 1144 [2023]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although a different verdict would not have been unreasonable, it cannot be said that the jury "failed to give the evidence the weight it should be accorded" (Bleakley, 69 NY2d at 495; cf. People v Cooney [appeal No. 2], 137 AD3d 1665, 1668 [4th Dept 2016], appeal dismissed 28 NY3d 957 [2016]; People v Gibson, 134 AD3d 1512, 1514 [4th Dept 2015], lv denied 27 NY3d 1151 [2016]).
Defendant's contention that he was punished for exercising his right to trial is not preserved for our review (see People v Gilmore, 202 AD3d 1453, 1454 [4th Dept 2022], lv denied 38 NY3d 1008 [2022]; People v Dupuis, 192 AD3d 1626, 1627 [4th Dept 2021], lv denied 37 NY3d 964 [2021]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe.
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court