■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT BECKER, Appellant. [748 NYS2d 299] —Appeal from a judgment of Oneida County Court (Donalty, J.), entered July 5, 2000, convicting defendant after a jury trial of, inter alia, assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant was convicted following a jury trial of, inter alia, assault in the second degree (Penal Law § 120.05 [2]) for causing physical injury to his wife by means of a dangerous instrument, to wit, a broom and/or broom handle. Contrary to defendant's contention, the evidence is legally sufficient to establish that at least some of the multiple injuries sustained by defendant's wife were caused by means of a "dangerous instrument" (§ 10.00 [13]). Although a broom is not inherently dangerous, here it was used to strike another person numerous times about the head, arms and back and thus was an instrument readily capable of causing serious physical injury (*see People v Carter,* 53 NY2d 113, 116-117; *People v Wooden,* 275 AD2d 935, 935, *lv denied* 96 NY2d 740; *People v Flowers,* 178 AD2d 682, 682, *lv denied* 79 NY2d 947; *see also People v McKoy,* 258 AD2d 950, *lv denied* 93 NY2d 876). In addition, viewing the evidence in the light most favorable to the People (*see People v Contes,* 60 NY2d 620, 621), we conclude that it is legally sufficient to establish that the victim sustained physical injury within the meaning of Penal Law § 10.00 (9) (*see People v Greene,* 70 NY2d 860, 862-863; *People v LaDuca,* 292 AD2d 851, 851-852, *lv denied* 98 NY2d 652; *People v Conseillant,* 289 AD2d 1048, *lv denied* 98 NY2d 674; *People v Sullivan,* 284 AD2d 917, 917-918, *lv denied* 96 NY2d 942, 97 NY2d 658). The sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Gorski, JJ.