In the Matter of BRITTANIE G., Appellant. MONROE COUNTY ATTORNEY, Respondent. [775 NYS2d 702]—

Appeal from an amended order of the Family Court, Monroe County (Alex R. Renzi, J.), entered September 26, 2003. The amended order adjudged that respondent is a juvenile delinquent and placed respondent in the custody of the New York State Office of Children and Family Services for a period of 12 months.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court's finding that respondent committed an act that, if committed by an adult, would constitute attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [10] [a]) is based on legally sufficient evidence. The evidence establishes that respondent struck a school administrator on the head with a telephone receiver. "Respondent's intent to cause physical injury can be inferred from the conduct and surrounding circumstances" (*Matter of Margaret A.W.*, 1 AD3d 881 [2003]; *see Matter of Anthony S.*, 305 AD2d 689, 690 [2003]). The court further found that respondent committed an act that, if committed by an adult, would constitute criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). Respondent's contention regarding the legal sufficiency of the evidence with respect to that finding is not preserved for our

review (*see Matter of Yarras F.,* 5 AD3d 481 [2004]; *Anthony S.,* 305 AD2d at 689-690; *see generally People v Gray,* 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the presentment agency, we conclude that the evidence is legally sufficient to establish that the telephone receiver was a dangerous instrument (*see People v Carter,* 53 NY2d 113, 116-117 [1981]; *People v Becker,* 298 AD2d 986 [2002], *lv denied* 99 NY2d 555 [2002]; *People v McKoy,* 258 AD2d 950 [1999], *lv denied* 93 NY2d 876 [1999]; *Matter of Jason J.,* 187 AD2d 652, 653 [1992], *lv denied* 81 NY2d 706 [1993]), and that respondent intended to use it unlawfully (*see Margaret A.W.,* 1 AD3d 881; *Anthony S.,* 305 AD2d at 690). We further conclude that the court's findings are not against the weight of the evidence. Present—Green, J.P., Pine, Kehoe, Gorski and Hayes, JJ.