■ In the Matter of KENNETH J., a Person Alleged to be a Juvenile Delinquent, Appellant. MONROE COUNTY ATTORNEY, Respondent. [821 NYS2d 707]—

Appeal from an order of the Family Court, Monroe County (John J. Rivoli, J.), entered July 26, 2005 in a proceeding pursuant to Family Court Act article 3. The order adjudged that respondent is a juvenile delinquent and placed respondent for a

period of 18 months in the custody of the New York State Office of Children and Family Services.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to respondent's contention, Family Court's findings that respondent committed acts that if committed by an adult would constitute the crimes of robbery in the third degree (Penal Law § 160.05), grand larceny in the fourth degree (§ 155.30 [5]), criminal possession of stolen property in the fifth degree (§ 165.40), and attempted assault in the second degree (§§ 110.00, 120.05 [6]), are supported by legally sufficient evidence and are not against the weight of the evidence (*see generally Matter of Brittanie G.*, 6 AD3d 1213, 1213-1214 [2004]; *Matter of Margaret A.W.*, 1 AD3d 881 [2003]; *Matter of Timothy S.*, 1 AD3d 908, 908-909 [2003]). The evidence presented at the hearing on the petition established that respondent was the person who pushed or threw the victim into a fence and took the victim's bicycle. Although both a witness to the incident and the victim described the perpetrator based solely on his height and clothing, they both were able to identify respondent in the courtroom. Moreover, the victim's mother identified respondent as the person she observed riding her son's bicycle approximately one hour after the incident. Respondent's height and clothing matched that described by the victim and the witness to the incident. The victim's mother testified that she had never seen a bicycle similar to that taken from her son and that the store from which she purchased the bicycle did not carry another one like it. After respondent was arrested and the victim's mother retrieved the bicycle from the police, she confirmed that the bicycle belonged to her son by checking the serial number on it. We thus reject the contention of respondent that petitioner failed to establish beyond a reasonable doubt that he was the perpetrator of the crimes at issue. Present—Pigott, Jr., P.J., Hurlbutt, Martoche and Green, JJ.