In the Matter of MANNY P., a Person Alleged to be a Juvenile Delinquent, Appellant. [822 NYS2d 50]—

Order of disposition, Family Court, New York County (Susan R. Larabee, J.), entered on or about April 12, 2005, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of assault in the second and third degrees and obstructing governmental administration in the second degree, and placed him with the Office of Children and Family Services for a period of 18 months, unanimously modified, on the law, to the extent of vacating the finding as to assault in the third degree and dismissing that count of the petition, and otherwise affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the court's determinations concerning credibility. The evidence established that appellant intentionally injured a school employee on school grounds (Penal Law § 120.05 [10] [a]) and obstructed governmental administration (Penal Law § 195.05). The victim, a teacher, was performing the official function of allowing his students to enter his classroom and concomitantly excluding those who did not belong there, when he denied admittance to appellant, who thereafter cursed the teacher, assumed a boxing stance, and punched the teacher, who was attempting to shut the classroom door. The element of physical injury was established by evidence that the teacher suffered severe pain, for which he sought medical attention and was prescribed a painkiller (see People v Guidice, 83 NY2d 630, 636 [1994]). However, the third-degree assault charge should have been dismissed as a lesser included offense. Concur—Saxe, J.P., Friedman, Williams, Catterson and Malone, JJ.