■ In the Matter of PAULETTE C., a Person Alleged to be a Juvenile Delinquent, Appellant. [828 NYS2d 3]—

Order of disposition, Family Court, Bronx County (Alma Cordova, J.), entered on or about October 7, 2005, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that she had committed acts, which, if committed by an adult, would constitute the crimes of criminal sexual act in the first degree (two counts), sexual abuse in the first, second and third degrees, coercion in the second degree and menacing in the third degree, and placed her in the custody of the Office of Children and Family Services for a period of up to 18 months, unanimously modified, on the law, to the extent of vacating the findings as to criminal sexual act in the first degree and sexual abuse in the third degree and dismissing those counts of the petition, and otherwise affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the court's determinations concerning credibility.

The court properly permitted the seven-year-old victim to give sworn testimony since her voir dire responses, which were generally detailed and articulate, established that she sufficiently understood the difference between truth and falsity, the nature of a promise to tell the truth, and the wrongfulness and consequences of lying (see People v Nisoff, 36 NY2d 560, 565-566 [1975]; People v Cordero, 257 AD2d 372 [1999], lv denied 93 NY2d 968 [1999]).

As the presentment agency concedes, the two counts of criminal sexual act in the first degree were jurisdictionally defective since there was no marking indicating that designated felony charges were included, and the third-degree sexual abuse count should have been dismissed as a lesser included offense.

Even with these modifications, we conclude that the 18-month placement is the least restrictive alternative consistent with appellant's needs and the need for protection of the community (see Matter of Katherine W., 62 NY2d 947 [1984]), particularly in view of the seriousness of the offense, and appellant's

psychological evaluations. Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Malone, JJ.