■■■ In the Matter of JENNA V., Appellant. MONROE COUNTY ATTORNEY, Respondent. [864 NYS2d 637]—

Appeal from an order of the Family Court, Monroe County (Marilyn L. O'Connor, J.), entered September 25, 2007 in a proceeding pursuant to Family Court Act article 3. The order, among other things, adjudged that respondent is a juvenile delinquent and placed respondent on probation.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the provision adjudicating respondent a juvenile delinquent based upon the finding that she committed an act that, if committed by an adult, would constitute the crime of assault in the second degree and dismissing count one of the petition and as modified the order is affirmed without costs.

Memorandum: Respondent appeals from an order adjudicating her to be a juvenile delinquent based upon the findings that she committed acts that, if committed by an adult, would constitute the crimes of assault in the second degree (Penal Law § 120.05 [10] [a]) and assault in the third degree (§ 120.00 [1]). We agree with respondent that the evidence is legally insufficient to establish that she intended to cause physical injury to her teacher and thus is legally insufficient with respect to the crime of assault in the second degree (cf. Matter of Manny P., 33 AD3d 330 [2006]; Matter of Brittanie G., 6 AD3d 1213 [2004]). We therefore modify the order accordingly. Contrary to the presentment agency's contention, the doctrine of transferred intent does not apply with respect to that crime. Section 120.05 (10) (a) provides that a person is guilty of assault in the second degree when, "[a]cting at a place the person knows, or reasonably should know, is on school grounds and with intent to cause physical injury, he or she . . . causes such injury to an employee of a school or public school district." The doctrine of transferred intent "serves to ensure that a person will be prosecuted for the crime he or she intended to commit even when, because of bad aim or some other 'lucky mistake,' the intended target was not the actual victim" (People v Fernandez, 88 NY2d 777, 781 [1996]). Here, the evidence is legally insufficient to establish that respondent's intended target was the teacher, and thus there is no basis under the doctrine of transferred intent for prosecuting respondent for the crime of assaulting a teacher. Although Penal Law § 120.05 (10) (a) does not expressly provide that a respondent must act with intent to cause physical injury to a school employee and instead only provides that a respondent must have the intent to cause physical injury, the reasoning underlying the doctrine of transferred intent does not apply to this crime.

We conclude, however, that the evidence is legally sufficient with respect to the crime of assault in the third degree (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "A person is guilty of assault in the third degree when[, w]ith intent to cause physical injury to another person, he [or she] causes such injury to such person or to a third person" (Penal Law § 120.00 [1]). The evidence here established that respondent, with intent to cause physical injury to another student, caused injury to her teacher (*see generally Fernandez*, 88 NY2d at 781-782). Finally, respondent failed to preserve for our review her further contention that the evidence is legally insufficient to establish that her teacher sustained a physical injury (*see* Penal Law § 10.00 [9]; *Matter of Brittanie G.*, 6 AD3d 1213 [2004]), and we decline to exercise our power to review that contention in the interest of justice (*see Matter of Yadiel Roque C.*, 17 AD3d 1168, 1169 [2005]). Present—Centra, J.P., Lunn, Peradotto, Green and Pine, JJ.