■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER SEYMORE, Appellant. [912 NYS2d 51]—

Judgment, Supreme Court, Bronx County (Denis J. Boyle, J.), rendered October 25, 2007, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second felony offender, to a term of 15 years, unanimously affirmed.

The court properly exercised its discretion in permitting a witness with expertise in boxing to testify that if a person held a heavy object while striking a blow, the power of the blow would be enhanced (*see generally People v Cronin*, 60 NY2d 430, 433 [1983]). At trial it was undisputed that defendant struck the victim once in the eye, causing the loss of the eye. Defendant was charged with first-degree assault under the theory of intentionally causing serious physical injury by means of a dangerous instrument (Penal Law § 120.10 [1]), as well as under the theory of intentionally causing permanent disability (Penal Law § 120.10 [2]). Among the issues before the jury were whether defendant had an unidentified dangerous instrument concealed in his fist, and whether defendant intended to disable the victim's eye. An eyewitness to the incident who happened to be an experienced boxer and trainer of boxers was permitted to testify, over objection, that a punch delivered while holding a heavy object would be more effective than an empty-handed punch. Given the trial issues, this testimony was relevant and helpful to the jury, and the witness did not give an opinion on any ultimate issue. In any event, we find that any error in receiving this testimony was harmless.

Defendant also claims he was deprived of a fair trial when a witness blurted out defendant's inflammatory nickname. Since defendant did not request any further relief after the court sustained his objection and struck the offending testimony, the court's curative actions "must be deemed to have corrected the error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944 [1994]; *see also People v Medina*, 53 NY2d 951, 953 [1981]). Accordingly, defendant's claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the curative actions were sufficient to prevent any undue prejudice. Concur—Tom, J.P., Andrias, Sweeny, DeGrasse and Román, JJ.