(July 7, 2015)

◼ In the Matter of JAHMEKA W., a Person Alleged to be a Juvenile Delinquent, Appellant. [13 NYS3d 372]—

Order, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about February 27, 2014, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that she committed acts that, if committed by an adult, would constitute the crimes of assault in the second degree (two counts) and obstructing governmental administration in the second degree, and placed her on enhanced supervision probation for a period of 15 months, unanimously affirmed, without costs.

Appellant's allegedly spontaneous statement to the arresting officer, that she punched one of the two teacher victims in the face because he pushed her, should have been suppressed. Based on the totality of circumstances, including appellant's age (*see Matter of Jimmy D.*, 15 NY3d 417, 421-423 [2010]), and the length and circumstances of her detention without *Miranda* warnings or the presence of a parent, we conclude that when the officer interviewed one of the victims by phone while appellant was handcuffed only a few feet away, this was reasonably likely to elicit a statement, and the ensuing statement was not voluntary (*see Rhode Island v Innis*, 446 US 291, 300-301 [1980]; *People v Ferro*, 63 NY2d 316, 322 [1984], *cert denied* 472 US 1007 [1985]). Nevertheless, after considering "both the overall strength of the case against [appellant] and the importance to that case of the improperly admitted evidence" (*People v Goldstein*, 6 NY3d 119, 129 [2005], *cert denied* 547 US 1159 [2006]), we find the error harmless beyond a reasonable doubt. There was overwhelming evidence that appellant did in fact punch the teacher referred to in the statement, and there is nothing in the court's detailed decision after the fact-finding hearing to suggest a reasonable possibility that the statement contributed to the finding. Moreover, the statement was essentially exculpatory as to the more significant issue of intent.

The fact-finding determination was supported by legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The victims' testimony, which was expressly credited by the court, established that appellant, among other things, punched one teacher in the face, causing his jaw to swell, and struggled with, punched and scratched the other teacher, causing him to fall to the ground and hurt his back. As to each victim, the evidence established the requisite physical injury (*see* Penal Law §§ 10.00 [9]; 120.05 [10] [a]), and far exceeded the standards articulated by the Court of Appeals (*see People v Chiddick*, 8 NY3d 445, 447 [2007]; *People v Guidice*, 83 NY2d 630, 636 [1994]). The evidence also supported the inference that appellant intended to cause physical injury, a natural and likely consequence of these acts (*see People v Getch*, 50 NY2d 456, 465 [1980]). The obstructing governmental administration charge was supported by evidence that appellant intentionally obstructed one teacher's performance of an official function when, among other things, she put her foot in the door to the dean's office, preventing the teacher from carrying out his duty of maintaining order, and then punched the teacher in the face when he and the other victim attempted to close the door (*see* Penal Law § 195.05; *Matter of Manny P.*, 33 AD3d 330 [1st Dept 2006]). Concur—Gonzalez, P.J., Sweeny, Renwick and Saxe, JJ.