Matter of Tyrese D. (2018 NY Slip Op 00482)





Matter of Tyrese D.


2018 NY Slip Op 00482


Decided on January 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 25, 2018

Manzanet-Daniels, J.P., Gische, Tom, Gesmer, Singh, JJ.


5526 5525

[*1]In re Tyrese D., A Person Alleged to be a Juvenile Delinquent, Appellant. Presentment Agency.


Tamara A. Steckler, The Legal Aid Society, New York (Raymond E. Rogers of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Mackenzie Fillow of counsel), for presentment agency.



Order of disposition, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about September 16, 2016, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of sexual abuse in the first and second degrees and endangering the welfare of a child, and placed him on probation for a period of 18 months, unanimously modified, on the law, to the extent of vacating the finding as to sexual abuse in the second degree and dismissing that count, and otherwise affirmed, without costs.
We need not determine whether appellant's statement should have been suppressed, because any error in admitting it was harmless beyond a reasonable doubt. The evidence that appellant committed the charged offenses was overwhelming, and there is no reasonable possibility that the result would have been any different if his "essentially exculpatory" statement, in which he denied coercing the complainant to touch his penis, had been suppressed (Matter of Jahmeka W., 130 AD3d 437, 437 [1st Dept 2015], lv denied 26 NY3d 909 [2015]). His statement was a relatively minor component of the presentment agency's case, which included the testimony of the victim and a corroborating eyewitness, and the victim's report of the incident to medical personnel.
The court's fact-finding determination was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). Moreover, as noted, we find that the evidence of appellant's guilt was overwhelming. There is no basis for disturbing the court's determinations concerning credibility.
The court properly permitted the eight-year-old victim to give sworn testimony. Her voir dire responses established that she "sufficiently understood the difference between truth and falsity, the nature of a promise to tell the truth, and the wrongfulness and consequences of lying" (Matter of Paulette C., 34 AD3d 395 [1st Dept 2006]; see also People v Nisoff, 36 NY2d 560, 565-66 [1975]). There is nothing to indicate that the presentment agency's trial preparation of the victim would warrant a different conclusion regarding her swearability.
The finding as to second-degree sexual abuse is dismissed as a lesser included offense.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 25, 2018
CLERK