People v Westbrooks (2023 NY Slip Op 00596)

People v Westbrooks

2023 NY Slip Op 00596

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, BANNISTER, AND MONTOUR, JJ.

1004 KA 19-00350

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AMBER L. WESTBROOKS, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered December 7, 2018. The judgment convicted defendant upon a jury verdict of assault in the second degree and criminal contempt in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of assault in the second degree (Penal Law
§ 120.05 [2]) and criminal contempt in the second degree (§ 215.50 [3]), arising out of an incident in which she repeatedly stabbed the victim. We affirm.
Defendant contends that the verdict with respect to the assault count is against the weight of the evidence because the People failed to establish that the victim suffered a physical injury. We reject that contention. Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). On appeal, the People do not contest that the victim did not suffer impairment of physical condition but contend that the evidence established that he experienced substantial pain. We agree. "Of course 'substantial pain' cannot be defined precisely, but it can be said that it is more than slight or trivial pain. Pain need not, however, be severe or intense to be substantial" (People v Chiddick, 8 NY3d 445, 447 [2007]). "Whether the 'substantial pain' necessary to establish an assault charge has been proved is generally a question for the trier of fact" (People v Rojas, 61 NY2d 726, 727 [1984]). Here, viewing the evidence in light of the elements of the crime of assault in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to whether the victim sustained a physical injury (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although a different verdict would not have been unreasonable, it cannot be said that the jury "failed to give the evidence the weight it should be accorded" (id.).
Defendant further contends that the verdict with respect to the assault count is against the weight of the evidence because the People failed to prove that she intended to cause physical injury. Again viewing the evidence in light of the elements of assault in the second degree as charged to the jury (see Danielson, 9 NY3d at 349), we reject that contention as well (see generally Bleakley, 69 NY2d at 495). Defendant's intent to cause physical injury may be inferred from her conduct in stabbing the victim at least six times (see People v Zindle, 48 AD3d 971, 972-973 [3d Dept 2008], lv denied 10 NY3d 846 [2008]; People v Tedesco, 30 AD3d 1075, 1076-1077 [4th Dept 2006], lv denied 7 NY3d 818 [2006]; see also Matter of Brittanie G., 6 AD3d 1213, 1213-1214 [4th Dept 2004]).
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court