People v Tavarez (2024 NY Slip Op 24071)

[*1]

People v Tavarez

2024 NY Slip Op 24071

Decided on March 8, 2024

Criminal Court Of The City Of New York, Bronx County

Grieco, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 8, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York

against
Leonardo Tavarez, Defendant.

Docket No. CR-011966-23BX

The appearances of Counsel are: Jack Sorensen, Esq., The Legal Aid Society, for Defendant, and Jennifer Rentrope, Esq., Office of the Bronx County District Attorney for the People

Matthew V. Grieco, J.

Recitation of the papers considered:
Defendant's n/m, aff. Jack Sorensen, Esq., dated December 12, 2023
People's aff. in opposition, aff. Jennifer Rentrope, Esq. dated January 16, 2024
Defendant's Reply dated February 20, 2024
Defendant Leonardo Tavarez is charged with assault in the third degree (Penal Law § 120.00[1]), a class A misdemeanor; criminal possession of a weapon in the fourth degree (Penal Law § 265.01[2]), a class A misdemeanor; and harassment in the second degree (Penal Law § 240.26[1]), a violation.
Defendant moves pursuant to CPL 100.40 and 170.30 to dismiss count 2 of the information (criminal possession of a weapon in the fourth degree) as facially insufficient; or in the alternative to: suppress tangible, non-tangible, and testimonial evidence, or grant a Mapp/Dunaway hearing; suppress statements, or grant a Huntley/Dunaway hearing; suppress identification evidence, or grant a Wade/Dunaway hearing; grant a pre-trial "voluntariness" hearing for any statements sought to be used only on cross-examination of defendant; grant a pre-trial "voluntariness" hearing for any statements made to civilians; preclude the admission of evidence under CPL 710.30; grant a Sandoval hearing; allow defendant to reserve the right to make additional motions as necessary; and grant such other relief as this Court may deem proper. The People oppose.
DISCUSSION
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]). A misdemeanor information must contain an accusatory part and a factual part, and be subscribed and verified by a complainant (CPL 100.15[1]). The accusatory section "must designate the offense or offenses charged" (CPL 100.15[2]). The factual section must allege "facts of an evidentiary character supporting or tending to support the charges" (CPL 100.15[3]), which, together with any [*2]supporting depositions, "provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part" (CPL 100.40[1][b]). The non-hearsay factual allegations must "establish, if true, every element of the offense charged and defendant's commission thereof" (CPL 100.40[1][c]; see People v Slade, 37 NY3d 127, 136 [2021]; People v Casey, 95 NY2d 354, 360 [2000]).
The requirement that an information factually describe the elements of the crime and the particular acts of the defendant constituting its commission serves to give the accused fair notice to prepare and conduct a defense and to prevent double jeopardy, by specifically identifying the alleged crime so that the defendant cannot be charged again with the same crime, and is therefore non-waivable (see Slade, 37 NY3d at 141-143; People v Sedlock, 8 NY3d 535, 538 [2007]; Casey, 95 NY2d at 363). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (Casey, 95 NY2d at 360; see People v Dreyden, 15 NY3d 100, 103 [2010]), and should be accorded reasonable inferences (see People v Udeke, 34 NY3d 1118, 1119 [2019]; People v Jackson, 18 NY3d 738, 747-748 [2012]).
The factual allegations of the complaint here read, in relevant part:
Deponent [P.O. Jacob Spring] states that he is informed by informant ... that, [on or about June 1, 2023 at approximately 10:51 PM at the northwest corner of Seward Ave and Zerega Ave, County of the Bronx], defendant and informant engaged in a verbal dispute about a delivery, at which point defendant pushed the complainant with both hands . Deponent is further informed by informant that defendant while holding a cellphone repeatedly struck the informant in the face, neck and arm multiple times with a closed fist using both hands interchangeably.
Deponent is further informed by informant that as a result of defendant's aforementioned actions informant suffered substantial pain, a laceration to his neck and lip, a missing tooth, swelling to the face, a dislocated right shoulder, bleeding and bruising.
The People filed a supporting deposition by the complainant, attesting to the facts in the complaint and converting it to an information.
Defendant asserts that the People have not filed a facially sufficient information as to the count of criminal possession of a weapon in the fourth degree, because the accusatory instrument alleges that defendant struck the complaining witness "with a closed fist using both hands interchangeably," but fails to indicate that he "used or threatened to use his cell phone to inflict any injury, that the cell phone caused any injury, or that the cell phone came in contact with the Complaining Witness" (Def Aff at ¶ 9).
In response, the People assert that the cell phone was used unlawfully as a weapon and caused substantial injury to the complainant. The People argue that "the allegation is that [defendant] had the phone in his hand the whole time. It alleges that 'while holding a cell phone' he repeatedly struck the informant about the body. This statement shows that the phone was held during the entire assault, and being that the defendant was switching hands, it can be inferred that at some point it is likely that the phone made contact with the complainant's body as well" (People's Opp at p 9).
In reply, the defense asserts that "[t]he language in the complaint simply fails to allege how an incredibly ordinary object (cell phone) was used as a 'dangerous or deadly instrument or [*3]weapon' that [defendant] intended to use against any individual. In the absence of such language, the [second count] should be dismissed" (Reply at ¶ 2).
Penal Law § 265.01(2) provides that: "A person is guilty of criminal possession of a weapon in the fourth degree when [h]e or she possesses any dagger, dangerous knife, dirk, machete, razor, stiletto, imitation pistol, undetectable knife or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another."
Penal Law § 10.00(13) defines "[d]angerous instrument" as "any instrument, article or substance, including a 'vehicle' as that term is defined in this section, which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury."[FN1]
The "object itself need not be inherently dangerous"; "[i]t is the temporary use rather than the inherent vice of the object which brings it within the purview of the statute" (People v Carter, 53 NY2d 113, 116 [1981]). Thus, under that "use-oriented approach," any instrument, article, or substance, "no matter how innocuous it may appear to be when used for its legitimate purpose, becomes a dangerous instrument when it is used in a manner which renders it readily capable of causing serious physical injury" (id. [emphasis in original] [rubber boots used to stomp on victim's head]; see People v Vasquez, 88 NY2d 561, 580 [1996] [paper towels wadded up with rubber bands to form ball used to gag victim]; People v Galvin, 65 NY2d 761 [1985] [sidewalk against which victim's head was pounded]; People v Cwikla, 46 NY2d 434 [1979] [handkerchief used to gag victim]; People v Nosea, 212 AD3d 511 [1st Dept 2023] [umbrella used to beat victim on the head], lv denied 39 NY3d 1143 [2023]; People v Tannen, 182 AD3d 482 [1st Dept 2020] [dashboard against which victim's head was slammed], lv denied 35 NY3d 1049 [2020]; People v Peralta, 172 AD3d 457 [1st Dept 2019] [hot liquid thrown by defendant]; Matter of Joy T., 106 AD3d 456 [1st Dept 2013] [unopened soda can thrown at victim's face from 5 feet away]; People v Medor, 39 AD3d 362 [1st Dept 2007] [backpack weighted with hard and heavy objects swung at victim's head], lv denied 9 NY3d 867 [2007]; Matter of Marie K., 19 AD3d 149 [1st Dept 2005] [ceramic vase thrown at victim]; People v Nelson, 10 AD3d 565 [1st Dept 2004] [nail file pointed against chest], lv denied 3 NY3d 759 [2004]; People v Wade, 232 AD2d 290 [1st Dept 1996] [wire handle of flyswatter used to strike child on the back], lv denied 89 NY2d 989 [1997]; People v Scipio, 169 AD2d 596 [1st Dept 1991] [broom stick used to strike victim], lv denied 77 NY2d 966 [1991]; People v Coe, 165 AD2d 721 [1st Dept 1990] [plate glass window through which victim was thrown], lv denied 76 NY2d 984 [1990]; People v Colon, 121 AD2d 181 [1st Dept 1986] [flashlight used to strike theater patron on head]; People v Richards, 67 AD2d 893 [1st Dept 1979] [food tray used to strike victim in face]; People v Krotoszynski, 43 AD3d 450 [2d Dept 2007] [television remote control used to strike on head], lv denied 9 NY3d 962 [2007]; People v Oglesby, 15 AD3d 419 [2d Dept 2005] [medallion on chain used to punch and cut]; People v Gonzalez, 141 AD2d 665 [2d Dept 1988] [flower pot used to strike victim on head], lv denied 72 NY2d 957 [1988]; People v Ryder, 146 AD3d 1022 [3d Dept 2017] [headphones used to beat victim], lv denied 29 NY3d 1086 [2017]; People v Jones, 136 AD3d 1153 [3d Dept 2016] [*4][mixed drink glass used to strike on side of face], lv denied 27 NY3d 1000 [2016]; People v Bouldin, 40 AD2d 1045 [3d Dept 1972] [spatula used to cut victim]; People v Molnar, 234 AD2d 988 [4th Dept 1996] [pen and pencil used to stab], lv denied 89 NY2d 1038 [1997]).
More particular to the instant case, cell phones have been found to qualify as a dangerous instrument (see People v Delgado, 214 AD3d 542 [1st Dept 2023] [cell phone in hard plastic case used to strike victim on forehead and nose], lv denied 40 NY3d 928 [2023]; People v Prior, 23 AD3d 1076 [4th Dept 2005] [cell phone or box cutter used to inflict permanent two-inch scar], lv denied 6 NY3d 817 [2006]), as have landline telephones (see People v Williams, 40 AD3d 402 [1st Dept 2007] [telephone used to repeatedly strike victim on head and body], lv denied 9 NY3d 883 [2007]; People v Baber, 182 AD3d 794 [3d Dept 2020] [motel room telephone yanked out of wall and thrown at victim's face, causing bleeding], lv denied 35 NY3d 1064 [2020]; People v Barnes, 158 AD3d 1072 [4th Dept 2018] [telephone receiver used to hit victim], lv denied 31 NY3d 1011 [2018]; Matter of Brittanie G., 6 AD3d 1213 [4th Dept 2004] [telephone receiver used to strike victim on head]).
Penal Law § 10.00(13)'s specification of an "instrument, article or substance," however, encompasses only devices or objects, not one's body parts, such as hands or teeth (People v Owusu, 93 NY2d 398 [1999] [reviewing the "well-documented legislative history that a body part was never considered a dangerous weapon or instrument"]; see People v Plunkett, 19 NY3d 400 [2012] [one's own saliva, even if infected with the HIV virus, not an "instrument, article or substance"]).
The accusatory instrument alleges that:
defendant while holding a cellphone repeatedly struck the informant in the face, neck and arm multiple times with a closed fist using both hands interchangeably [and] as a result of defendant's aforementioned actions informant suffered substantial pain, a laceration to his neck and lip, a missing tooth, swelling to the face, a dislocated right shoulder, bleeding and bruising.
Defendant highlights that the information does not explicitly state that the cell phone made contact with the complainant. Upon a fair reading, and drawing reasonable inferences therefrom (Udeke, 34 NY3d at 1119), it could be found that at least the laceration of the neck could not have been caused by bare fists but only by an object (see People v Moreno, 187 AD3d 449 [1st Dept 2020] [forehead laceration could only have been caused by a dangerous instrument, not by a punch], lv denied 36 NY3d 974 [2020]; People v Dilly, 84 AD3d 1110 [2d Dept 2011] [physician testified that eyelid laceration could only have been caused by an object with an edge, not by a fist], lv denied 17 NY3d 858 [2011]; People v Davis, 96 AD2d 680 [3d Dept 1983] [physician testified that broken nose, right forearm, and rib, and laceration behind ear requiring 10 stitches, could not have been caused by a fist alone, and was caused by striking with an arm covered by a plaster cast]). Whether the cell phone here constituted a dangerous instrument as used is ultimately a question for the fact-finder at trial (see Vasquez, 88 NY2d at 580; People v Rivera, 213 AD3d 420, 421 [1st Dept 2023], lv denied 39 NY3d 1113 [2023]; Colon, 121 AD2d at 181; People v Davis, 65 AD2d 515 [1st Dept 1978] [error to instruct jury that auto jack was a dangerous instrument as a matter of law]), as is the issue of defendant's intent (see People v Bracey, 41 NY2d 296 [1977]; People v Johnson, 63 AD3d 470 [1st Dept 2009], lv denied 13 NY3d 745 [2009]; see also People v Flack, 125 NY 324, 334 [1891] ["However clear the proof may be, or however incontrovertible may seem to the judge to be the inference of a criminal intention, the question of intent can never be ruled as a question of law, but must always be [*5]submitted to the jury"]; People v Simmons, 66 AD3d 292 [1st Dept 2009], affd 15 NY3d 728 [2010]).
Even if defendant never hit the complainant with the cell phone itself, it could still qualify as a dangerous instrument. Giving the information a fair reading, including reasonable inferences (Udeke, 34 NY3d at 1119), the cell phone was in one of defendant's fists that struck the complaining witness. In People v Seymore (79 AD3d 477 [1st Dept 2010], lv denied 17 NY3d 801 [2011]), where the issue before the jury was whether the defendant had an unidentified dangerous instrument concealed in his fist, the First Department concluded: "the [trial] court properly exercised its discretion in permitting a witness with expertise in boxing to testify that if a person held a heavy object while striking a blow, the power of the blow would be enhanced." Similarly, in People v Goode (179 AD2d 676 [2d Dept 1992], lv denied 79 NY2d 1001 [1992]), the Second Department held that "the jury could properly conclude that the printer's guide, a solid cylindrical object measuring approximately two inches in length and weighing about one and one-half pounds, which was used to reinforce the impact of the fist blow, was 'readily capable of causing serious physical injury' and, thus, was a 'dangerous instrument.'" So too here, it could be found that the cell phone enhanced or reinforced the strength of the fist blow to such an extent that it was readily capable of causing serious physical injury and thus was a dangerous instrument. There is no statutory requirement that the object make contact with the victim, only that it "is readily capable of causing death or other serious physical injury" "under the circumstances in which it is used, attempted to be used or threatened to be used" (Penal Law § 10.00[13]). Again, whether the cell phone as used was in fact a dangerous instrument and whether defendant had the requisite intent are questions for the fact-finder.
Based on all the above, defendant's motion to dismiss the count charging criminal possession of a weapon in the fourth degree as facially insufficient is denied.
With respect to the remainder of defendant's motion: a combined Mapp/Huntley/Wade/Dunaway/voluntariness hearing is granted; and the branches of the motion to preclude the admission of evidence under CPL 710.30 and all Sandoval/Molineux/Ventimiglia issues are referred to the trial court. The People are reminded of their continuing obligation to supply all Brady and Rosario material, as well as their supplemental discovery obligations, to be served on the defense no later than 15 days prior to the first scheduled trial date.
The foregoing constitutes the opinion, decision, and order of the Court.
Dated: March 8, 2024
Bronx, New York
ENTER:
MATTHEW V. GRIECO, J.C.C.

Footnotes

Footnote 1:"'Serious physical injury' means physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00[10]).