People v Patterson (2025 NY Slip Op 02675)

People v Patterson

2025 NY Slip Op 02675

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., SMITH, GREENWOOD, DELCONTE, AND HANNAH, JJ.

118 KA 21-00059

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JERMAINE PATTERSON, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (PAUL SKIP LAISURE OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered December 16, 2020. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and burglary in the third degree (four counts). 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law § 140.25 [2]) and four counts of burglary in the third degree (§ 140.20). Defendant contends that the evidence is legally insufficient to support the conviction of burglary in the second degree. At the close of the People's proof, defendant moved for a trial order of dismissal, and County Court reserved decision but never ruled on the motion. Thus, we may not address defendant's contention because "we cannot deem the court's failure to rule on the . . . motion as a denial thereof" (People v Roach, 213 AD3d 1274, 1274 [4th Dept 2023] [internal quotation marks omitted]; see People v Capitano, 198 AD3d 1324, 1325 [4th Dept 2021]). We therefore hold the case, reserve decision, and remit the matter to County Court for a ruling on defendant's motion (see Roach, 213 AD3d at 1274). In light of our determination, we do not address defendant's remaining contentions.
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court