People v Davis (2025 NY Slip Op 04382)

People v Davis

2025 NY Slip Op 04382

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, SMITH, NOWAK, AND HANNAH, JJ.

525 KA 24-01849

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALFONSO DAVIS, DEFENDANT-APPELLANT. 

FRANK POLICELLI, UTICA, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Michael L. Dollinger, J.), rendered March 20, 2024. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him, upon a nonjury verdict, of criminal possession of a weapon in the third degree (Penal Law § 265.02 [8]), defendant contends that he was subject to selective prosecution. That contention is unpreserved for our review because defendant failed to make a pretrial motion to dismiss on that ground (see People v Morton, 198 AD3d 1176, 1180 [3d Dept 2021], lv denied 37 NY3d 1163 [2022]; see generally CPL 210.40 [1]; 255.10 [1] [a]).
Defendant further contends that the evidence is legally insufficient to support his conviction. At the close of the People's proof, defendant moved for a trial order of dismissal, and County Court reserved decision. Although defendant renewed the motion at the close of his proof, the court never ruled on the motion and, at a later appearance, rendered a guilty verdict. Thus, we may not address defendant's contention because " 'we cannot deem the court's failure to rule on the . . . motion as a denial thereof' " (People v Roach, 213 AD3d 1274, 1274 [4th Dept 2023]; see People v Capitano, 198 AD3d 1324, 1325 [4th Dept 2021]; see generally People v Concepcion, 17 NY3d 192, 197-198 [2011]; People v LaFontaine, 92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999]). Thus, we hold the case, reserve decision, and remit the matter to County Court for a ruling on defendant's motion (see Roach, 213 AD3d at 1274). In light of our
determination, we do not address defendant's remaining challenge to the verdict.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court