People v Nesmith (2025 NY Slip Op 05401)

People v Nesmith

2025 NY Slip Op 05401

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, SMITH, NOWAK, AND DELCONTE, JJ.

704 KA 22-00588

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY NESMITH, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (ALEXANDER PRIETO OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Michael L. Dollinger, J.), rendered September 24, 2021. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (two counts), robbery in the first degree, robbery in the second degree, and assault in the second degree (four counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of burglary in the first degree (Penal Law § 140.30 [2], [3]), four counts of assault in the second degree (§ 120.05 [2], [12]), and one count each of robbery in the first degree (§ 160.15 [3]) and robbery in the second degree (§ 160.10 [2] [a]) arising from an incident in which defendant unlawfully entered the residence of two victims and attacked them with a cane. Defendant failed to preserve for our review his contention that the indictment must be dismissed on the ground that the prosecutor misled the grand jurors regarding photo array procedures used with respect to one of the victims (see CPL 210.35 [5]; see generally People v Agee, 57 AD3d 1486, 1486-1487 [4th Dept 2008], lv denied 12 NY3d 813 [2009]). Defendant sought dismissal of the indictment only on the general ground that the grand jury proceeding was defective, and defendant failed to set forth the specific ground for dismissal now set forth on appeal (see People v Brown, 81 NY2d 798, 798 [1993]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant contends that his conviction of burglary in the first degree (Penal Law § 140.30 [3]), robbery in the first degree (§ 160.15 [3]), and two counts of assault in the second degree (§ 120.05 [2]) is not supported by legally sufficient evidence to establish that defendant used a " '[d]angerous [i]nstrument' " (§ 10.00 [13]). Although a cane is not inherently dangerous, here it was used to strike the victims about the head and arms and thus was an instrument readily capable of causing serious physical injury (see People v Carter, 53 NY2d 113, 116-117 [1981]; People v Becker, 298 AD2d 986, 986 [4th Dept 2002], lv denied 99 NY2d 555 [2002]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we also reject defendant's contention that the verdict with respect to those crimes is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant's contention that he was deprived of a fair trial by prosecutorial misconduct on summation is unpreserved for our review inasmuch as defendant failed to object to the statements he now challenges on appeal (see People v Moorhead, 224 AD3d 1225, 1227 [4th Dept 2024], lv denied 41 NY3d 1003 [2024]; People v Coggins, 198 AD3d 1297, 1301 [4th Dept 2021], lv denied 38 NY3d 1032 [2022]). In any event, to the extent the prosecutor's remarks were improper, they were "not so pervasive or egregious as to deprive defendant of a fair trial" (People v Elmore, 175 AD3d 1003, 1005 [4th Dept 2019], lv denied 34 NY3d 1158 [2020] [internal [*2]quotation marks omitted]).
We reject defendant's contention that he was denied effective assistance of counsel. Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant's contention that the sentencing procedure pursuant to which he was adjudicated a persistent violent felony offender is unconstitutional in light of the United States Supreme Court's decision in Erlinger v United States (602 US 821 [2024]) is unpreserved for our review (see People v Hernandez, 43 NY3d 591, 597 [2025]; see generally People v Cabrera, 41 NY3d 35, 42-46 [2023]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We have considered defendant's remaining contentions on appeal and conclude they do not warrant reversal or modification of the judgment.
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court